STATE ex rel. HENRY KREBS v. FRANK JONES.[1]

December 5, 1902.

Nos. 13,360—(274).

## Intoxicating Liquor—Gift.

Where the traveling agent of a licensed liquor dealer, traveling through the country soliciting customers to be supplied at the home place, makes a gift of a quantity of whisky, to be there consumed by a prospective purchaser, such act is in violation of G. S. 1894, § 2029, which prohibits the giving away of intoxicating liquors without a license.

Relator being arrested and detained by defendant, as marshal of the village of Perham, on the charge of giving away intoxicating liquor without a license, sued out a writ of habeas corpus from the district court for Otter Tail county. From an order, Baxter, J., discharging the writ and remanding him to the custody of defendant, relator appealed. Affirmed.

*Durment & Moore*, for appellant.

The complaint charges an offense under G. S. 1894, § 2029, in having given away liquor "without first having obtained license therefor." The offense then does not depend alone upon the facts that the liquor was given away, and the person who gave it not licensed to sell. Something else is requisite to constitute the offense. The denunciation of the statute is against the unlicensed dealer; that the giving away which the statute prohibits is such as is resorted to to conceal an unlawful sale. The purpose of this provision, and the only lawful effect it can have, is to prohibit a giving away of liquor as a subterfuge to cover an illegal sale. State v. Hutchins, 74 Iowa, 20; Albrecht v. People, 78 Ill. 510.

There was absolutely no evidence that this was a giving away as a cover for an illegal sale, or to evade any provision of the excise law. The dealer was duly licensed, the solicited sale was lawful, and would have been a sale in St. Paul. State v. Johnson, 86 Minn. 121; Bollinger v. Wilson, 76 Minn. 262; Garbracht v. Common-

[1] Reported in 92 N. W. 468.

wealth, 96 Pa. St. 449. That the giving of the sample did not change the situation, did not constitute the sales other than St. Paul sales, is supported by the following authorities; McCarty v. Gordon, 16 Kan. 35; Gill v. Kaufman, 16 Kan. 571; Boothby v. Plaisted, 51 N. H. 436.

*W. B. Douglas*, Attorney General, and *C. L. Hilton*, for respondent, cited: Black, Intox. Liq. § 39; Altenburg v. Commonwealth, 126 Pa. St. 602; State v. Danforth, 62 Vt. 188.

LOVELY, J.

Appeal from an order of remand by the district judge of the seventh district in habeas corpus proceedings. Relator was convicted of giving a drink of whisky to one Mike Fiedler while soliciting orders in Otter Tail county for the California Wine House, located at St. Paul. He was tried before a justice of the peace, and convicted. Afterwards upon an agreed state of facts, he secured a writ of habeas corpus. Upon hearing, the writ was discharged. From this order he appeals.

The material facts show that relator was employed by the California Wine House to travel and solicit orders for spirituous liquors in different parts of the state. In the course of this business he would take orders for intoxicants in quantities of less than five gallons, mail the order to his principal at St. Paul, together with a report on the financial standing of the person giving it. The California Wine House, if satisfied with the responsibility of the purchaser, would select from its stock at St. Paul goods to fill the order, and deliver them to the railroad for shipment. The consignor would then mail the consignee a bill of lading with its own bill for the goods shipped. Thereafter the purchaser would make payment direct to the shipper. The relator neither delivered the goods nor received payment. In the course of this employment appellant called upon Mike Fiedler, a farmer and not a dealer in liquors, at his farm in Otter Tail county, and solicited his order for a quantity of liquor, to be furnished in the manner above indicated, first giving him a drink of whisky of about two tablespoonfuls as a sample of the whisky for which he was taking orders. The gift was accepted by Fiedler, who drank

it, but whether he gave an order to the defendant's principal does not appear. Upon these facts it is the contention of relator that he was not guilty of violating that part of the state excise law under which he was convicted, providing that

"Whoever sells, barters, gives away, or otherwise disposes of any spirituous, vinous, fermented, or malt liquors, without first having obtained license therefor agreeably to the laws of this state, shall be deemed guilty of a misdemeanor." G. S. 1894, § 2029.

The protecting privilege which relator claims for his benefit is the license of the California Wine House, issued by the city of St. Paul, which authorized that concern to sell liquor upon condition and restrictions requiring it to confine its business operations to a specific locality in that city (G. S. 1894, § 2018); and there is no question, either, but that the quantity of liquor dispensed to Fiedler within the letter of the statute was a gift, and accepted as such, but it is insisted that it was not within the mischief of the statute, for the reason that, the relator being the agent of a wholesale and retail liquor establishment, and engaged in soliciting orders therefor, this fact authorized him to give samples of the liquors he was selling to different persons in any part of the state, to be then and there consumed, to aid him in securing an order.

It may be conceded for the purpose of this appeal that the California Wine House would not be responsible for a violation of the statute under which defendant was convicted if it were to accept orders from other portions of the state at the city of St. Paul, and, in response thereto, furnished intoxicating liquors to the person sending the same; and it may be further conceded that the California Wine House might have treated a customer at its bar, or that the relator might have given complaining witness a glass of whisky or spirits at his home under conditions of social friendship, or might exhibit samples without treating the intended customer.

These conditions involve questions we need not pass upon at this time, but the situation here involved is of a different character. The California Wine House was not the person making the donation. The gift was by a person not in fact licensed to dispense liquors at this or any other place, but seeking to make a

sale for another as a business proposition solely. It was not in the course of social relations to promote friendship, but might be termed a commercial gift, made, perhaps, to excite the good feeling of the person to whom the drink was given, that might, to some extent, incline him to buy a further quantity of the same beverage, or perhaps to furnish evidence that the liquor he was selling was of superior excellence; but the fact still remains that it was a gift, and the purpose thereof was to increase trade, to get orders for liquors at a different place than the one where the furnisher was authorized to do business; and we fail to see why a dealer should have the right to send its drummers to a place outside his city and dispense drinks to obtain an order any more than he would have the right to take his bar and go to the distant place of sale for that purpose, which, after a manner, was what was actually done.

It is within the policy of the law that a person licensed to retail liquors in a certain place should be confined in exercising that privilege to the business locality designated in his license, and, while he may sell intoxicants therefrom, he cannot go over the state, and engage in a disposal of the same from perambulating dispensaries to help traffic which his license restricts to another place. Counsel for relator claim that the object of this statute was to protect licensees solely. We are clear that its purpose goes further than this. The regulation of the liquor traffic is restricted under conditions that recognize a disposition to evade its conditions; and, whenever it can be seen that such evasions would be aided or accomplished by a subterfuge, the apparent possibility suggests an implied object of the law, and without much stretch of the imagination it is easy to surmise that, if small quantities of liquor, either by glass or in sealed packages, could be given away as samples, the pretended vendor might carry on a business from his licensed place into an adjoining locality where it was prohibited, and avoid legal restrictions in the prohibited territory.

We are of the opinion that the gift in this case was within the spirit as well as the letter of the statute, and that the relator was properly remanded.