## GIVING AWAY SAMPLES OF LIQUOR IN "DRY" TERRITORY.

[Common Pleas Court of Defiance County.]

HERMAN CAPPLE v. THE STATE OF OHIO.

Decided, June, 1906.

*Liquor Laws—Duty of Mayor Sitting at Trial—Fixing Time for Preparing Bill of Exceptions—Transmission of Papers to Common Pleas Court—Giving Away of Small Samples—Meaning of the Word "Beverage"—Sections 6565 and 4364-20g.*

1. While it is the duty of the mayor, sitting at a trial under the local option law, to transmit to the clerk of the common pleas court the papers in the case within ten days from the allowance of the bill of exceptions, failure on his part so to do can in nowise prejudice the party seeking to prosecute error to the higher court.
2. The provisions of Section 6565, relating to bills of exceptions, are sufficiently complied with if a time is fixed at the close of the trial for the allowance of the bill.
3. A traveling salesman for a liquor house gave away samples of his goods, about a teaspoonful in each instance, in "dry" territory, for the purpose of being tasted by prospective customers. *Held:* That his action in so doing was a giving away of intoxicating liquor as a beverage.

SNOOK, J.

On November 24th, 1904, Herman Capple was arrested for the violation of the local option law, which was then in force in the village of Hicksville, Defiance county, Ohio. The affi-davit charges, in substance, that the defendant, on the 23d day of November, A. D. 1904, did unlawfully give away intoxicating liquors as a beverage in the said village; that the said giving away of said intoxicating liquors was then and there prohibited and unlawful, and contrary to law. That said liquors were not furnished in wholesale quantities; that they were not given away in the private dwelling of the said Herman Capple; and that the said Herman Capple was not then and there a regular druggist. Defendant pleaded "not guilty," and on the trial before the mayor was found guilty and sentenced to pay a fine of fifty dollars and the costs of the prosecution. It was further ordered that said fine be paid to the village of Hicks-ville, Ohio, and that the defendant stand committed to the workhouse at Toledo, until the fine and costs were paid.

Upon the conclusion of the trial, and after judgment had been pronounced, the court fixed the 30th day of November, 1904, as the day for the signing and allowing of a bill of exceptions in said cause, and said bill was signed and allowed by said court on said day. Thereupon the mayor transmitted the bill of exceptions to the counsel for the plaintiff in error, who filed the same, together with the original papers and a petition in error in this court on the 23d day of December, 1904, after having first obtained leave of this court to file a suit in error from the decision of the mayor's court. Thereupon defendant in error filed a motion to strike the bill of exceptions and the transcript of the mayor's docket in the case from the files, for the reason, first, that the same were not filed in this court within ten days of the allowance and signing of the bill of ex-ceptions; and, because no time was fixed for the allowance and signing of a bill of exceptions at the time the motion of the plaintiff in error herein to discharge the defendant below was heard and overruled by the court.

It will be seen that the bill of exceptions was allowed on November 30, 1904, while the petition in error and transcript was not filed in the court of common pleas until December 23d,

1904, and not within ten days from the time said bill of exceptions was allowed. It is claimed for this reason that the bill of exceptions should be stricken from the files, and, in support of this claim, we are cited to Section 6565 of the Revised Statutes of Ohio, which, in so far as it applies to the questions so raised, reads as follows:

"And if the same is correct, he shall sign said bill of exceptions, and file the same, with the papers in the case, and note such signing and filing in his docket, and transmit the same, with the transcript of his docket and original papers, within ten days of the date of such signing, to the clerk of the court of common pleas."

This provision of the statute is construed by the circuit court, in the 13th Circuit, at page 275, where the court say:

"It is the duty, by law, of the justice of the peace, to transmit the bill of exceptions within ten days, and, if he fails to do so, unless he has demanded his fees therefor, the person taking charge of the bill is not prejudiced by his failure, but may, within six months, file the bill of exceptions and other papers."

The discussion of the question in point in this case is quite clear, and we think decisive of the question urged by the plaintiff in error herein. We think, under this statute, that it is the duty of the mayor to transmit the papers to the clerk of the common pleas court, and failure on his part to so do can in no wise prejudice the party seeking to prosecute error to the higher court. While the time for the allowance of a bill of exceptions was not fixed when the court disposed of the motion of the defendant below for his discharge, interposed at the close of the testimony offered in the case, yet at the close of the trial the court must have fixed a time for the allowance of a bill of exceptions, for at the end of the transcript we find this entry:

"Thereupon the court having fixed a time for the allowance and signing of a bill of exceptions herein on the 30th of November, 1904; now, on this 30th day of November, A. D. 1904, counsel for defendant presents this his bill of exceptions, and asks the same to be allowed and signed, and made a part of the record in this cause, which is accordingly done this 30th day of November, A. D. 1904."

We think this is a substantial compliance with Section 6565, where it is provided that, "the party objecting to the decision must except at the time the decision is made, and time shall be given to reduce the exceptions to writing."

Counsel for defendant in error call attention to the case of *Harlow* v. *State*, 1 N. P.—N. S., page 323. It would seem, from a reading of this case, that the trial judge appeared to be of the opinion at the time his decision was announced that the time for the allowance of the bill of exceptions must be fixed at the time the exception was taken, and in support of that view cites as authority the case of *Kline* v. *Wynne*, 10 O. S., 223; but we do not think that this case decides the question contended for, as it seems to us the only question decided there, was that the bill of exceptions was not signed within the time provided by statute. Section 6565 was construed by the Supreme Court, in the case of *Lewis* v. *Bancroft*, 53 O. S., 92, and in the opinion of the court, page 94, the court say, "The docket entry does not show that plaintiff below, during the trial, or even at the close thereof, required time to prepare his bill of exceptions, and no time was appointed by the justice when the bill of exceptions should be settled and signed," thus clearly intimating that if a time was fixed at the close of the trial for the allowance of a bill of exceptions, the requirement of the statute would be met. It seems to us that any other holding would be extremely technical, and we therefore conclude that the motion to strike the bill of exceptions from the files should be overruled.

The next question for decision in the case is: Was the affidavit good? Section 4364-20c provides what needs to be set forth in such an affidavit. And all that needs to be said on this subject is that the affidavit in this case wholly meets the requirements set forth in that section of the statute.

The next question to be decided is: Did the mayor err in overruling the motion of the defendant below interposed at the close of the testimony, for his discharge, on the ground that there was no evidence offered in the case supporting the charge in the affidavit? The evidence, in substance, shows that the defendant was a traveling man, representing the Napoleon Wine Company. That his business was to procure orders for his house, for wines and whiskey. That in doing so he traveled

around the country, and when he met a prospective customer he gave him a small sample of the liquor he wished to sell to taste in order to procure him to make a purchase. That he gave to one Harry Brandon two or three such samples, one whiskey and the others wine, about a teaspoonful in each instance. And he gave about the same amount to one John G. Bevington. It is urged by plaintiff in error that the amount given away was so small that it does not come within the meaning of the statute, wherein it is provided that the liquor must be given away as a beverage. The statute fixes no limit as to the amount to be given away before one shall be guilty of a violation thereof, and Se ...on 4364-20c names and fixes the only exceptions to the statute; and it seems to us, that if one gives away intoxicating liquors within the prohibited territory, no matter how small the amount, if the giving away does not come within the exceptions fixed in Section 4364-20c, then such giver must be guilty. Nor is this changed by the use of the word "beverage" in the statute, for the use of the word does not materially change the law. Webster's Dictionary defines the word "beverage" as "a liquid for drinking; drink usually applied to drink artificially prepared and of an agreeable flavor; as an intoxicating beverage; specifically, a name applied to various kinds of drink." The Century Dictionary defines the word "beverage" to mean, "drink of any kind; liquors for drinking; intoxicating beverages." Surely it can not be contended that the liquor given by the defendant was not a drink, and that it was intended that the person to whom it was given should not drink the same. The facts in this case come directly within the spirit of the definition of "beverage" as laid down above by Webster and the Century Dictionary. This contention is clearly borne out by the reasoning of the court in the case of *People* v. *Hinchman*, (Michigan) 42 N. W., 1007, where the court say:

"Worcester defines beverage as follows: 'liquor to be drank; drink.' Webster defines the word as 'liquor for drinking.' If, therefore, Hinchman sold the whiskey to Berger as a beverage, he sold it to him to be drank; that is to be used as a drink."

Nor do we think that, in the absence of a statutory provision, the court would be warranted in fixing the amount that must be given away before one could be convicted under this

statute, for it seems that to try to so do would. lead the court
to no end of trouble.  For, would the limit be a teaspoonful?  Or
a glass?  Or would it be two glasses?  It is clearly the duty of
the court to refrain from reading into a statute any condition
or exception that is not found therein, and for the court, in
this case, to find the limit as to the amount that must be given
away before one could be prosecuted under this statute, would
be to read into the statute an exception that is plainly not
found therein.  Further, we think that this question has been
passed upon by the court of last resort of at least two states.
If these cases are not like the case at bar in all their facts,
they at least decide the principle involved in the case at bar.
We think, however, that the facts involved in those cases are
substantially the same as the facts involved in the case at bar,
and would invite the attention of anyone interested in the
subject, to a careful consideration of these cases, where the
question is ably and thoroughly discussed.  *State* v. *Jones*
(Minn.), 92 N. W., 468; *State* v. *Hesterly* (Missouri), 76 S.
W., 984.

The only other question made by plaintiff in error is that the
court erred in ordering the fine, which was imposed upon the
defendant, to be paid to the village of Hicksville.  There was
no error in this action of the court, as Section 4364-20$g$ pro-
vides that all fines collected under the provisions of the act
which was violated, shall be paid into the treasury of the cor-
poration wherein the fine is imposed.  Under this section of
the statute, the mayor, it seems to us, had jurisdiction to order
the fine to be paid to the village.

For these reasons the action of the mayor will be affirmed
with costs.

*Donovan & Worden,* for plaintiff in error.

*Geo. D. Simmons,* for defendant in error.