## THE STATE v. BONE HANDLER, alias JOEL SMITH, Appellant.

### Division Two, November 17, 1903.

1. **Local Option Law: CONSTITUTIONAL.** For the reasons assigned in *Ex parte Bone Handler,* 176 Mo. 383, the constitutionality of the Local Option Law (Laws 1887, p. 179) is again upheld.

2. ———: GIVING AWAY INTOXICATING LIQUORS: INTENT. The giving away intoxicating liquors in a county which has adopted local option, being forbidden by a positive statute making it a misdemeanor, no intent other than to give away the liquor is necessary. When the evidence shows the giving away to be intentional, the criminal intent is completed.

3. ———: ———: INFORMATION: FAILURE TO NEGATIVE LICENSE. An information charging the giving away of intoxicating liquors is not bad because it fails to. negative a license or other authority to give away the liquors.

Appeal from Atchison Circuit Court.—*Hon. Gallatin Craig,* Judge.

AFFIRMED.

*L. D. Ramsay, T. M. Bailey* and *T. J. Porter* for appellant.

(1) The negative averment about a license or other authority to give away must be made, although proof thereof is matter of defense to be established by the defendant. Even under local option, one kind of license under certain circumstances is authority for giving away, and the negative averment must be made.

Kelley's Criminal Law, sec. 913; 31 Mo. 197; 19 Mo. 380; Ex parte Swan, 96 Mo. 44; State v. Williams, 38 Mo. App. 37; State v. Kaufman, 45 Mo. App. 656; State v. Bevens, 52 Mo. 130. (2) The offense charged in the information is purely statutory, and as to such offense it is said: ''There must be an evil intent though the statute is silent on the subject.'' 1 Bishop's Criminal Law (6 Ed.), sec. 345; State v. Cunningham, 154 Mo. 178.

*Edward C. Crow,* Attorney-General, and *Bruce Barnett* for the State.

(1) We are unable to comprehend upon what appellant bases his contention that the criminal intent necessary to a conviction is wanting in this case. The defendant intended to do what he did do, namely, gave a drink of intoxicating liquor to another, which act was a violation of the statute in force in that county at the time. (2) No evil intent is necessary in this nature of offense. (3) (a) It is unnecessary that the information should have alleged that defendant had no license at the time he gave away the liquor. It is sufficient for the State to allege and prove that the defendant committed the act prohibited by the statute, and if the defendant comes within one of the exceptions to the application of the law, it is for him so to establish by way of defense, and not a matter necessary to be pleaded in advance. State v. Quinn, 94 Mo. App. 67; affirmed, 170 Mo. 176. (b) In prosecutions of violations of the dramshop law, even if it were necessary for the information or indictment to allege that the sale was made without license, yet in cases like the one at bar, it would not be necessary to allege that the defendant was no exception to the general rule. State v. O'Gorman, 68 Mo. 179; State v. Bockstruck, 136 Mo. 335; State v. Smith, 60 Mo. App. 283; State v. Broeder, 90 Mo. App. 156.

GANTT, P. J.—This is a prosecution by information for selling and giving away intoxicating liquors in Atchison county, after the local option law went into effect in said county, to-wit, May 10, 1902.

I.　The appeal is in this court because the defendant assailed the constitutionality of the local option law, approved April 5, 1887. · Contemporaneous with this appeal, the defendant sued out a writ of habeas corpus to test the constitutionality of the local option law. [Laws 1887, p. 179; secs. 3027 to 3035, R. S. 1899, inclusive.]

On the hearing of that application the constitutionality of said act was again affirmed on the authority of the numerous cases cited in the opinion, following State ex rel. Maggard v. Pond, 93 Mo. 606, 6 S. W. 469.

Inasmuch as that decision arose out of the identical facts involved in this prosecution, it must be ruled that the local option law is constitutional for the reasons assigned in Ex parte Bone Handler, 176 Mo. 383.

II.　On the trial the State abandoned the charge of selling liquor and elected to prosecute only for *giving* away intoxicating liquors by defendant to one Charles Smith.

It was admitted that the local option law was in effect in Atchison county and had been since May 10, 1902.

The evidence shows that the defendant, in June, 1902, at a hotel in the town of Phelps in Atchison county, solicited one Charles Smith for an order for whiskey from the St. Joseph Supply Company, which defendant was representing as agent and salesman; that defendant had with him a case of samples of whiskey in bottles and gave Smith several drinks in a small whiskey glass, and that Smith accepted and drank the same; that there were about two teaspoonfuls of liquor to each drink; that these drinks were given to Smith as samples for the purpose of testing the quality of his various brands and

securing an order. One drink was handed by the defendant to Smith and the others were taken by Smith himself from the defendant at defendant's suggestion.

The State introduced but one witness, namely, Charles Smith, who testified that he met the defendant in June, at a hotel in Phelps, in Atchison county; that defendant solicited from him an order for whiskey and gave him to drink samples of several of his brands, handing him in a glass about two teaspoonfuls of one brand and the witness himself taking drinks of other kinds, the defendant having told him to sample the whiskey.

The witness gave defendant an order for one-half gallon which the defendant accepted and the whiskey was sent to him by express, c. o. d., and he received it and paid $1.65 therefor to the agent of the express company.

The defendant, who took the stand in his own behalf, testified to practically the same state of facts; that he had been soliciting orders for whiskey in Atchison county and giving quantities to parties to test as samples; that at the hotel in Phelps in Atchison county, he gave Charles Smith about two teaspoonfuls in a whiskey glass and took his order for a half gallon; that Smith offered to pay him at the time, but he had refused the money, saying that he was taking the order for the St. Joseph Supply Company, of St. Joseph, Missouri; that the house would accept or reject the order as it might see fit. Defendant testified that he had no interest in the St. Joseph Supply Company, and was taking these orders as agent only.

Defendant urges that the information is insufficient in that it fails to allege that at the time he gave away the liquor he had no license to give away liquor.

The information charges that the defendant "on the 28th day of May, 1902, in the county of Atchison, State of Missouri, . . . did give away to divers persons intoxicating liquors." The information negatives any

license to sell issued before the day of the election at which the local option law was adopted by said county and any license or legal authority of any kind to sell, but does not negative any license to give away intoxicating liquors in said county at the date of giving away such liquors, and it is insisted that for this reason the information was and is insufficient, and it is further insisted that no criminal intent was shown. No intent other than to give away the whiskey was necessary.

The act was forbidden by a positive statute making it a misdemeanor and when intentionally done, as the evidence establishes it was in this case, the criminal intent is completed. Is the information bad because it failed to negative a license or other authority *to give away* intoxicating liquors?

Section 3032, Revised Statutes 1899, provides it shall not be lawful in a county which has adopted the local option act "to directly or indirectly sell, *give away,* or barter in any manner whatever, *any kind of intoxicating liquors* or beverage containing alcohol, in *any quantity* whatever, under the penalties hereinafter prescribed." It will be observed there is no exception or proviso in this section. In a subsequent section it is provided that the sale of wine for sacramental purposes or the sale of alcohol by licensed druggists or pharmacists for medicinal, art, scientific and mechanical purposes is not a violation of the act.

In State v. Bockstruck, 136 Mo. loc. cit. 351, it was ruled by this court that if the ingredients constituting the offense are capable of exact definition without reference to the exception or proviso, such reference may with safety be omitted, since such matter contained in the exception or proviso is not descriptive of the offense, but only matter of defense to be brought forward by the accused. [1 Bishop Crim. Proc. (3 Ed.), secs. 632-636; State v. Buford, 10 Mo. 704; State v. Shiflett, 20 Mo. 417; State v. O'Brien, 74 Mo. 549; State v. Quinn, 170 Mo. 176.]

The statute denounces the giving away of intoxicating liquors *"in any quantity whatever."*

The defendant made no effort to bring himself within the exception of the statute. We hold the information was sufficient.

The offense was made out, and the judgment must be and is affirmed.

*Burgess* and *Fox, JJ.,* concur.