## THE STATE v. JOHN FULKS, Appellant.

### Division Two, November 19, 1907.

1. **LOCAL OPTION LAW: Title: Gift: Unconstitutional.** The title of an act which refers only to the sale of intoxicants is not broad enough to authorize a provision in the body of the act prohibiting the giving away of intoxicants. So that the Local Option Law which undertakes in the body of the act (by Sec. 3032, R. S. 1899) to prohibit the giving away of intoxicating liquors is, to that extent, unconstitutional, since the act of giving away was not embraced in its title, which was, "An Act to provide for the preventing of the evils of intemperance by Local Option in any county in this State and cities of twenty-five hundred inhabitants or more, by submitting the question of prohibiting the sale of intoxicating liquors to the qualified voters of such county or city; to provide penalties for its violation and for other purposes."

2. ————: **Giving Away Intoxicants: Act of Courtesy.** So much of the Local Option Law as prohibits the giving away of intoxicating liquors by acts of common courtesy or friendship or hospitality, not induced by a desire to sell such liquors or designed to induce another to transact business with the giver or with one in whom he is interested or to directly or indirectly obtain anything of value for himself or others by such gift, is unconstitutional. [Distinguishing Ex parte Handler, 176 Mo. 383, and State v. Handler, 178 Mo. 38.]

3. ————: ————: ————: **Gift A Mere Subterfuge.** But where the gift is a mere subterfuge for the illicit sale of intoxicants, and is in fact made as an indirect sale or in aid of such sale, it is violative of the Local Option Law.

4. ————: ————: ————: **This Case.** Defendant was not engaged in the sale or disposition of intoxicating liquor, at the time the information was filed or within one year prior thereto. He was in the habit of buying liquors at places outside the county from persons legally authorized to sell it, and of keeping it in his office and at his residence for his own personal use, and he gave it to some of his personal friends solely as an act of courtesy or friendship, but did not offer or give to any person any drink with any view or design to further any business transaction, or to obtain anything of value, directly or indirectly, by any such gift. *Held*, that there is no constitutional law for the punishment of his conduct.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED.

*Henry S. Shaw* for appellant.

(1)   The court should have given defendant's instruction 2. The act charged in the information, and the gifts of liquor proven on the trial, are not within the spirit or the terms of the Local Option Law. This law was directed against the traffic in intoxicating liquors and was not intended to regulate the habits or appetites of individuals. R. S. 1899, art. 3, chap. 22, p. 764; Ex parte Handler, 176 Mo. 390. The title of the original act negatives the inference that the law was directed against gifts; it reads as follows: "An Act to provide for the preventing of the evils of intemperance . . . by submitting the question of prohibiting the sale of intoxicating liquors," etc. Laws 1887, pp. 179 to 182. The vote to be taken is, "Against the sale of intoxicating liquors." "For the sale of intoxicating liquors." "Erase the clause you do not want." Laws 1887, sec. 4, p. 181; R. S. 1899, sec. 3030. For the purpose of arriving at the intention of the General Assembly we may look to the title of the act. State v. Whittaker, 160 Mo. 69; U. S. v. Fisher, 2 Cranch (U. S.) 386; U. S. v. Palmer, 3 Wheat. (U. S.) 610; Ins. Co. v. Albert, 39 Mo. 183; 26 Am. and Eng. Ency. Law (2 Ed.), 628. This act is supplemental to the Dramshop Law (art. 1, chap. 22, R. S. 1899), is *in pari materia* with it, and should be read in connection with it in interpreting the former act. State v. Wingfield, 115 Mo. 440; Winterton v. State, 65 Miss. 238; Ex parte Marmaduke, 91 Mo. 254 (dissenting opinion by SHERWOOD, J.); 26 Am. and Eng. Ency. Law 616; St. Louis v. Herthel, 14 Mo. App. 467; State ex rel. v. Slover, 126 Mo. 652; Bank v. Haywood, 62 Mo.

556; Ross v. Railroad, 111 Mo. 18; State to use v. Heman, 70 Mo. 441; Cole v. Skrainka, 105 Mo. 303; Kane v. Railroad, 112 Mo. 34. The mere act of giving or furnishing intoxicating liquors, in one's own house, to guests, as a matter of hospitality or kindness, does not constitute a violation of the statute. Reynolds v. State, 73 Ala. 3; Albrecht v. People, 78 Ill. 510; State v. Standish, 37 Kan. 643; Com. v. Carey, 151 Pa. St. 368; Powers v. Com., 90 Ky. 167. (2) Defendant's instruction 3 should have been given. If the Local Option Law is susceptible of the construction placed upon it by the learned trial judge, it violates section 28, article 4, of the Constitution of the State, because more than one subject is contained therein, which is not expressed in the title. State v. Persinger, 76 Mo. 346; Witzman v. Railroad, 131 Mo. 612; State ex rel. v. Baker, 129 Mo. 486; Com. v. Doll, 6 Pa. Co. Ct. 49; State v. Great Western Coffee Co., 171 Mo. 634; State ex rel. v. Baker, 129 Mo. 482; Black on Int. Liq., sec. 407; People v. Bird, 60 Mich. 22; St. Louis v. Weitzel, 130 Mo. 616; State v. Burgdoerfer, 107 Mo. 30; People v. Beadle, 60 Mich. 22; Miller v. Jones, 80 Ala. 89.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

The only point raised by this appeal is the constitutionality of the so-called Local Option Law, so far as giving away liquor is concerned. The argument of counsel for defendant seems to be to the effect that it is unconstitutional to prohibit the giving away of intoxicating liquors; but that argument can be entirely refuted when it is remembered that any one could evade the law by giving away liquor and afterwards allowing the person to whom it was given to give or make a present of some money in return; hence, our statute prohibits the giving away of intoxicating liquors in local option counties, and the constitutionality there-

of has been upheld by this court.  State v. Handler, 178 Mo. 38;. Ex parte Handler, 176 Mo. 383.

GANTT, J.—On the sixth day of July, 1906, the prosecuting attorney of Stoddard county filed an information, duly verified, in the office of the circuit clerk of said county, against the defendant, wherein he informed the court that on the first day of December, 1903, the Act of the Legislature, commonly known as the Local Option Law, to-wit, article 3 of chapter 22 of the Revised Statutes of 1899, had been duly adopted and was in force as the law of the State within and for the county of Stoddard and State of Missouri, and that there was no city within said county having a population of 2,500 inhabitants or more, and that on or about the twenty-fifth day of June, 1906, the defendant did then and there at said Stoddard county, unlawfully give away intoxicating liquor, to-wit, one drink of whiskey, and that the said John Fulks did not then and there have any license of any kind authorizing him to give away the same, and that said gift of said whiskey was then and there made without any lawful authority whatever to give away the same, contrary to the provisions of said Local Option Law, against the peace and dignity of the State.  The defendant was arrested and duly arraigned and pleaded not guilty, and at the December term, 1906, of said court, was put upon trial and convicted and fined three hundred dollars.  From that conviction he appeals to this court.

The evidence on the part of the State to sustain the information tended to prove that the defendant John Fulks was engaged in the real estate business in the city of Dexter, a city containing less than twenty-five hundred inhabitants, in Stoddard county.  He was in the habit of buying intoxicating liquors at places outside of said county from persons legally authorized to sell it, and of keeping it in his office and at his resi-

dence for his own personal use.  He was not engaged in the sale or disposition of intoxicating liquor for gain at the time the information was filed, nor at any time while he had been a resident of Dexter, some five or six years before the twenty-fifth of June, 1906.  He did not offer or give to any person any drink or ask them to drink of his liquor with any view, intention or design to further any business transaction, to induce any one to transact business or refrain from any competition with him, or directly or indirectly, remotely or otherwise, to obtain anything of value by any gift or disposition of his personal stock of liquor.  He did treat or give liquor to some of his personal friends solely as an act of courtesy or friendship during the year previous to the filing of the information.

Under this state of facts, the circuit court instructed the jury that if they believed and found from the evidence in the case beyond a reasonable doubt that the defendant in the county of Stoddard and State of Missouri, at any time within one year next before the twenty-fifth of June, 1906, gave away intoxicating liquor, they would find the defendant guilty as charged in the information, and assess his punishment at a fine of not less than three hundred dollars nor more than one thousand dollars, or by imprisonment in the county jail for not less than six months, or by both said fine and imprisonment.  The court also instructed the jury that on or since the first day of December, 1903, article 3 of chapter 22 of the Revised Statutes of 1899, generally known as the Local Option Law, had been and was in force in Stoddard county, Missouri, as was mutually agreed by both the prosecuting attorney and the defendant.  The court also defined intoxicating liquor as meaning fermented, vinous and spirituous liquors, or any composition of which fermented, vinous or spirituous liquor forms a part.  The court also gave a liberal instruction defining reasonable doubt,

and directed the jury that they must be satisfied of the guilt of the defendant beyond a reasonable doubt.

Within four days after the rendition of the verdict finding him guilty the defendant moved the court for a new trial because the verdict was against the evidence and against the law, and because the court erred in refusing instructions numbered 2, 3 and 4 prayed by the defendant. Which instructions were as follows:

"2. The court instructs the jury that, if they believe and find from the evidence in the cause, that the defendant, John Fulks, was not, on the date mentioned in the information, nor for one year prior thereto, had been engaged in the selling of intoxicating liquor in the county of Stoddard; but that he had been, at the times mentioned, engaged in a business or occupation not connected, directly or indirectly, in the sale or disposal of intoxicating liquors for gain, that is to say, solely in the business of buying and selling real estate, and that defendant did, on one or more occasions, during the time above mentioned have and keep at his place of business, intoxicating liquor for his own individual use, and did give away to one or more of the witnesses who have testified in this cause, drinks out of his individual supply, solely as an act of courtesy or friendship, and not with a purpose of deriving any pecuniary profit or gain by so doing, or to further any commercial or business enterprise, or to induce any one to trade or transact business with him, you will find the defendant not guilty.

"3. The court instructs the jury that under the law and facts in this case they will acquit the defendant for the reason that the law under which this prosecution is had is unconstitutional and void because it contravenes the provisions of section 28 of article 4, section 11 of article 2, section 32 of article 2, of the Constitution of the State of Missouri, article 4, article 9, of the Amendments to the Constitution of the United

States, and section 2 of article 4 of the Constitution of the United States.

"4.   Now comes defendant and moves the court to discharge him of the charge and information now pending against him, for the reason that the law, to-wit, chapter 22 of article 3 of the Revised Statutes of 1899, of the State of Missouri, upon which this charge and information is founded, is unconstitutional for the following reasons, namely:  It contravenes the provisions of section 28 of article 4; section 11 of article 2; section 32 of article 2, of the Constitution of the State of Missouri; article 4, article 9, of the Amendments of the Constitution of the United States, and section 2 of article 4, of the Constitution of the United States."

The defendant also filed a motion in arrest of judgment upon the grounds that,

"The information does not state facts sufficient to constitute any offense under any law of the State of Missouri.

"Because chapter 22 of article 3 of the Revised Statutes of 1899 of the State of Missouri, under which defendant was tried and convicted, is unconstitutional and void, in this:  It is in contravention of section 28 of article 4 of the Constitution of the State of Missouri. It is in contravention of article 8 of the Amendments to the Constitution of the United States.  It is in contravention of article 14 of the Amendments to the Constitution of the United States.  It is in contravention of section 2 of article 4 of the Constitution of the United States.  It is in contravention of article 4 of the Amendments to the Constitution of the United States.

"Because the verdict of the jury is not responsive to the averments and charge contained in the information."

Which motions were overruled and the defendant duly excepted.

I.   The chief point raised by this appeal is the constitutionality of the Local Option Law as embodied in chapter 22 of article 3 of the Revised Statutes of 1899 of the State of Missouri, in so far as the *giving away* of liquor is concerned.   To the extent that it prohibits the *sale* of intoxicating liquors in counties which have or may adopt the Local Option Law in this State, the constitutionality of the act is not assailed.   The learned counsel for the defendant accepts as settled the constitutionality of that act as decided by-this court in various cases, beginning with State ex rel. Maggard v. Pond, 93 Mo. 606, down to and including State v. Handler, 178 Mo. 38.

In the numerous cases in which the constitutionality of this act has been assailed, the proposition is now advanced, for the first time, that if the words "give away" in section 3032, Revised Statutes 1899, mean literally a gift of intoxicants, under any and all conditions wherever the Local Option Law is in force, then the act of 1887, now article 3 of chapter 22, is in conflict with section 28 of article 4 of the Constitution of this State.   Section 28 of article 4 of the Constitution of this State provides:   "No bill shall contain more than one subject, which shall be clearly expressed in its title."   Now the title to the Local Option Act, so called at the time of its adoption in 1887, was as follows:   "An Act to provide for the preventing of the evils of intemperance by Local Option in any county in this State and cities of twenty-five hundred inhabitants or more, by submitting the question of prohibiting the sale of intoxicating liquors to the qualified voters of such county or city; to provide penalties for its violation and for other purposes."   The constitutional inhibition in section 28 of article 4 has been construed on many occasions by this court, and it has generally been said by this court that this section must

be reasonably construed. This section is practically the same as section 32 of article 4 of the Constitution of 1865. In construing this latter section, this court, in Witzmann v. Railroad, 131 Mo. l. c. 618, quoted with approval the language of the Supreme Court of Pennsylvania in Allegheny County Home's Case, 77 Pa. St. 77, as follows: "If the title fairly gives notice of the subject of the act, so as reasonably to lead to an inquiry into the body of the bill, it is all that is necessary. It need not be an index to the contents, as has often been said." In St. Louis v. Weitzel, 130 Mo. l. c. 616, it was said by this court, "The evident object of the provision of the organic law relative to the title of an act was to have the title like a guide board, indicate the general contents of the bill, and contain but one general subject, which might be expressed in a few or greater number of words. If those words only constitute one general subject; if they are not designed as a cover to vicious and incongruous legislation, then the title can stand on its own merits, is an honest title and does not impinge on constitutional prohibitions." Applying these well-settled principles, it is ruled in State ex rel. v. Schofield, 41 Mo. 39, that in an act entitled, "An Act to provide for appeals in contested election cases," approved February 1, 1867, a provision of the act giving the right of appeal *in all other civil cases,* was not expressed in the title, and was therefore inoperative except in cases of contested election; and in State v. Persinger, 76 Mo. 346, an act entitled, "An Act to change the penalty for disturbances of the peace," was held insufficient as to those parts of the act which undertook to create a new offense for disturbing the peace, as the act embraced *more than one subject.* So in the case of Witzmann v. Railroad, 131 Mo. 617, under an act entitled, "An Act to regulate the sale of tickets, the rates of fare to be charged, and the taxes and license to be paid by street railways in

the city of St. Louis," a provision that no passenger should be permitted to go in or off of a car on the front platform while the car was in motion, and that each car should be furnished with such adjustable gate or guard as shall effectually prevent it, was held unconstitutional and void, because said provision was entirely foreign to the purpose and intention of the act as indicated by its title. In State v. The Great Western Coffee & Tea Company, 171 Mo. 634, under an act entitled, "An Act to prevent the use of unhealthy chemicals or substances in the preparation or manufacture of any article used or to be used in the preparation of food," the defendant was prosecuted for *selling* a baking powder, which contained alum. Section 1 of the said act provided: "That it shall be unlawful for any person or corporation in this State to manufacture, *sell* or offer to sell any article, etc., in which article, compound or preparation there was any arsenic, calomel, bismuth, ammonia or alum." The defendant invoked the protection of section 28, article 4 of the Constitution as to the provision against selling such articles, on the ground that the title of the act only embraced one class, that is, those persons who prepared or manufactured the article, and it was held that the provision as to the *sale* of such articles of food was void because not fairly expressed in the title of the act. These decisions are sufficient to indicate the trend of opinion as to the construction which this court has always placed upon this constitutional provision. Tested by these decisions can it be said that the title to the Local Option Act of 1887, now article 3 of chapter 22, Revised Statutes 1899, was leveled at or intended to embrace a gift by a private individual, who was not or ever had been a dealer in or sold intoxicating liquors, of a drink to one of his friends as a mere act of friendship or hospitality, and without any reward or hope of reward therefor? Or to state it dif-

ferently, is the title of an act that prohibits the *sale* of intoxicants any notice that in the body of the act there will be found a provision constituting a gift, which had hitherto been a perfectly lawful act, a misdemeanor? In our opinion, such a construction of the act brings it squarely in conflict with the fundamental law found in section 28 of article 4, supra, and such seems to be the consensus of opinion by the courts in our sister states.

In People v. Beadle, 60 Mich. 22, it was unanimously ruled by the Supreme Court of that State, which had a constitutional provision in all respects like section 28 of article 4 of our Constitution, that under an act entitled, "An Act to regulate the sale of spirituous, malt, brewed, fermented and vinous liquors; to prohibit the sale of such liquors to minors, to intoxicated persons, and to persons in the habit of getting intoxicated; to provide a remedy against persons selling liquors to husbands or children in certain cases; and to repeal all acts or parts of acts inconsistent herewith," a section of the said act which provided: "Any person who, by false pretense, shall obtain any spirituous, malt, brewed, fermented, or vinous liquors, or who shall be drunk in any hotel, tavern, inn or place of public business, or in any assemblage of people, collected together in any place for any purpose, or in any street, alley, lane, highway, railway, or street car, or in any other public place, shall, on conviction thereof, be punished," etc., was clearly repugnant to the constitutional provision above quoted and that by no reasonable construction could the purpose of this section be said to be embraced within the title of the act. The punishment of a person for being drunk without reference to where he obtained the means of intoxication could have no possible connection with the object of the act as set forth in its title. That said section was nothing more or less than the in-

sertion in the body of the act of a clause created and
punishing a misdemeanor entirely foreign to the osten-
sible purpose of the statute as entitled. No person
reading the title would dream of any such provision
being contained in it.

The Constitution of Pennsylvania contains the
same provision that is found in section 28 of article 4
of our Constitution. On the thirteenth of May, 1887,
the Legislature of that State enacted a law entitled,
"An Act to restrain and regulate the sale of vinous
and spirituous, malt or brewed liquors, or any admix-
tures thereof." And the seventeenth section of said act
provided *inter alia* that "it shall not be lawful for any
person, with or without license, to furnish by gift to
any person any spirituous, fermented or brewed li-
quors on Sunday." Under that section one Doll was
indicted. The facts appeared that he had no license
for the sale of intoxicating liquors and did not deal
therein. On Sunday, August 19, 1888, the prosecuting
witness went to the private residence of the defendant
upon business of his own, and while there the defendant
gave the prosecuting witness a drink of whiskey, which
he drank in the house; he paid nothing for the liquor,
nor was any payment expected or demanded. Upon this
state of facts, the court said, speaking of section 17:
"This sweeping language extends to all persons within
the Commonwealth, whether or not they be in the sale of
intoxicating liquors, and makes it a criminal offense
for any citizen in his own house to give a friend, or
even a member of his own family, a glass of wine or
beer on the first day of the week. If this provision be
constitutional, we have nothing to do with its policy;
that is a matter for the Legislature and not for the
courts; but we are bound to consider objections alleged
on constitutional grounds. . . . When the Act of
1887 was passed there were two classes of people in
the Commonwealth, namely, those engaged in the sale

of liquor and those who were not. The title of the act was plain notice to the former class that they would be affected thereby, but it contained nothing to warn one who belonged to the latter class that his conduct would be in any wise restrained or regulated. He was not put upon inquiry as to the contents of the act, and therefore may justly claim the constitutional protection against a provision which is aimed, not only at sellers, but also at those who do not sell. To hold otherwise would be to sanction a misleading title, which, by clear limitation, applies only to those who sell, and to declare that it includes also those who do not sell.'' Accordingly it was held that so much of section 17 as forbids a person who was not a seller of liquor to give an intoxicating drink to any other person on Sunday, was in conflict with the Constitution and void. [Com. v. Doll, 6 Pa. Co. Ct. Rep. 49.] This same construction of the Pennsylvania act was afterwards adopted and approved in Com. v. Carey, 151 Pa. St. 368. See, also, Albrecht v. People, 78 Ill. 510; Miller v. Jones, 80 Ala. 89; State v. Young, 47 Ind. 150; People v. Bird, 138 Mich. 31; 4 Am. and Eng. Anno. Cases, 1062; State v. Barrett, 27 Kan. 213.

In view of this almost universal construction of a constitutional provision like section 28 of article 4 of our Constitution, it must be held that the construction which the learned circuit court placed upon the Local Option Act of this State, now known as article 3 of chapter 22, was such as to render it as applied to the facts of this case unconstitutional and void, but we are cited, in this connection, to the decision of this court in the two cases of Ex parte Handler, 176 Mo. 383, and State v. Handler, 178 Mo. 38. In neither of these cases was the constitutionality of our Local Option Act challenged on the ground that it was repugnant to section 28 of article 4 of the Constitution and hence the point we have just ruled was not considered

in that case, and those decisions are not authority one way or the other upon this proposition. Moreover, in that case the defendant Handler was an agent for a liquor house in the city of St. Joseph, Missouri, and in Atchison county of this State, a county in which Local Option prevailed, was soliciting orders for whiskey, and to induce parties to deal with him, gave them whiskey out of his samples, and did sell whiskey to one or more of the parties to whom he had given the whiskey from his sample bottles. The gift was in no sense an act of courtesy or hospitality, but was a moving inducement to the customers to buy his goods. The so-called gift and the sale were all one transaction and were a part of the consideration for the ultimate sale of the larger quantity and were clearly a subterfuge adopted in an attempt to evade the law. Nothing that we have said in this opinion is intended to be understood or to be construed as holding that a dealer in intoxicating liquors by the wholesale or retail, or any other person for that matter, can under the guise of giving away intoxicating liquors in the county which has adopted the Local Option Act be permitted to evade the law by indirectly selling such liquors in such a county, nor any toleration of the numerous subterfuges that illicit dealers in intoxicants have resorted to to evade such laws, as was the case in State v. Handler, 178 Mo. 38; but we do hold that the title of the Local Option Act of 1887 clearly indicates that it was the purpose of the Legislature to prohibit the sale directly and indirectly of intoxicating liquors in those counties which should adopt the said law, and that this purpose is indicated in the body of the act itself. Thus in section one it is provided that upon a proper petition the court shall order an election to determine whether or not spirituous or intoxicating liquors shall be *sold* within the county or city, and section 4 emphasizes this view of the law because it requires the voters to

cast their ballots for or against "the sale of intoxicating liquors," and to that extent this law has been often held to be constitutional, but it was never intended to cover *the mere gift of a drink* of liquor by a private person, who is in no sense a dealer in liquors, to one of his friends as a mere act of courtesy or hospitality, and if the act should be construed to embrace such gift as the evidence disclosed in this case, it clearly would be repugnant to the Constitution of this State in that the title itself as well as the great body of the act expressed no such purpose. Accordingly the circuit court erred in refusing defendant's second instruction, and in not sustaining his motion to discharge him upon the facts developed in the case. The judgment of the circuit court is reversed and the prisoner discharged.

*Fox, P. J.,* and *Burgess, J.,* concur.