# THE CITY OF MEXICO, Respondent, v. EMMA GRAY, Appellant.

St. Louis Court of Appeals.   Submitted on Briefs February 9, 1920.
Opinion Filed March 2, 1920.

1. **JUDGMENTS: Invalid Judgment: Violation of City Ordinances: Complaint in Two Counts Charging Separate Offenses: Court or Jury Must Make Distinct Finding on Each Count.** In a proceeding based upon the alleged violation of municipal ordinances, where the complaint contained two counts charging separate offenses, *held* that the only charge of which there was any proof attempted was that set out in the first count of the statement, and for the violation of the ordinance there referred to; nevertheless the defendant was entitled to have the court as a jury pass distinctly upon each of the two offenses or charges on which she was arraigned, and where the court did not pass on the two charges but entered a general verdict of guilty against defendant, it was insufficient, and no valid judgment could be rendered upon it.

2. **INTOXICATING LIQUORS: Local Option: Ordinances: Ordering Liquors for Personal or Family Use Not Unlawful.** Where an act of the Legislature, commonly known as the Local Option Law, had been adopted and was in force in a municipal corporation during the times covered, and an ordinance of the city prohibited the keeping, storing or delivering to another person intoxicating liquors, providing that nothing in the ordinance shall be construed to prohibit any person from ordering liquor for his own or family use where such liquor is sent direct to the person using the same, defendant who purchased intoxicating liquor for use at a private party and directed it to be delivered at first to her mother's home, where she was then residing but owing to the illness of her mother she was obliged to give the party she intended giving at the home of a friend, and ordered the beer delivered there from the railroad station, *held* that under the facts, the beer was sent direct to defendant, and she obtained it for herself to serve it to her guests, who for the time were a part of her family, and defendant could not be held to be either keeping, storing or delivering it for or to another person.

Appeal from the Circuit Court of Audrain County.— *Hon. E. S. Gantt*, Judge.

REVERSED AND REMANDED (*with directions*).

*A. C. Whitson* for appellant.

(1) Delivery is the voluntary and intentional surrender of an article by one in the possession and control of the same to another in such a manner that it is intended and the other shall come into possession and control of the article and the other does come into full possession and control of it.   State v. Elmore, 195 Mo. App. 20.   By delivery the donor parts with his title and possession to the subject of the donation and the donee acquires the right and possession thereto to the exclusion of all others.   18 C. J. 477 and 478.   Possession is the condition of fact under which one can exercise his power over a corporeal thing at his pleasure to the exclusion of all others.   31 Cyc. 924 and note 93 and cases cited.   (2) The act of keeping and storing referred to in the Statutes Revised Statutes, 1909, sec. 7227, on which the ordinance in this case is based, means the keeping and storing with the intent to deliver the possession and control of the liquor to another person in Local Option territory.   State v. Richardson, 192 Mo. App. 429, 434.   The statute does not denounce all keeping and storing and possession of liquors, but merely where it is kept for another for the purpose of delivering to him, and not for such personal uses as the possessor may see fit to subject it to.   State v. Theodore, 191 S. W. 423, 424.   (3) The Local Option Law was not intended to prevent the mere gift of a drink of liquor by a private person, who is in no sense a dealer in liquors, to his friends as an act of courtesy or hospitality.   State v. Fulks, 207 Mo. 26, 39 and 40.   This exception was noted in State v. Parkel, 185 Mo. App. 75, where it is held that section 7227, Revised Statutes 1909, is merely an amendment to section 7243, Revised Statutes 1909, the Local Option Statute, passed on in the Fulk case.   To keep or store property there must be an article or piece of property to be kept or stored;   and the delivery of that article so that another comes into possession and control to the exclusion of all others violates the law, but not the mere serving of drinks as an act of hospitality or otherwise.   (4) The

charge of delivery and the charge of sale in Local Option territory are distinct offenses. State v. Needham, 194, Mo. App. 201. The judgment is fatally defective in this case in that it does not state on what charge in the complaint the court found the defendant guilty.

*J. W. Buffington* for respondent.

(1) The admitted facts show that Emma Gray delivered to her invited guests, assuming that the guests were equal participants in the consumption of the beer, about one-half gallon each. The word "delivered" is not used in the agreed statement; the exact language being "that defendant served to her invited guests American and brick cheese, crackers and pickles and the beer aforesaid." The court found that in serving the beer aforesaid that Emma transferred said beer from her custody and possession to the custody and possession of the persons served; in other words, that Emma drew from the keg of beer a quantity thereof into a receptacle and then handed the receptacle containing the beer to an invited guest and that such act upon her part, constituted delivery. State v. Parkel, 185 Mo. App. 76; State v. Galliton, 176 Mo. App. 120; State v. Rawlings, 232 Mo. 554, 562. (2) The delivering of the liquor in question during a socalled party as acts of curtesy and hospitality, cannot avail the defendant here for the reason that the dispensing of the liquor was in no wise connected with her use of it on her own premises. Section 7228, Revised Statutes 1909, clearly limits the use of intoxicants by a person in dry territory to his own use and that of his family and in his own home, the entire act involving the keeping, storing and delivery of liquor in Local Option territory, is to be strictly construed and is not to be broadened by implication so as to permit a person under the guise of hospitality or courtesy to defeat the purpose of the statute in its effort to wipe out the evils of intemperance. Furthermore to limit the use of liquor to the individual ordering it, under the provisions of section 7228 and prohibiting him from giving it to any other per-

son as an act of courtesy or what not, would not be unconstitutional. State v. Galliton, 176 Mo. App. 120; State v. Parkel, 185 Mo. App. 76; Crane v. Campbell, 245 U. S. 304, 38 Sup. Ct. Rep. 98; Clarke Distilling Co. v. Western Maryland R. R. Co., 242 U. S. 311. (3) Defendant in this case was charged with keeping, storing, delivering and selling. By the agreed statement of facts, all were abandoned save that of delivery, and on this theory the case was tried. Furthermore, proof of any of the above named charges, will sustain the information and justify a general verdict. State v. Burns, 237 Mo. 216.

REYNOLDS, P. J.—This proceeding was commenced before a police judge of the City of Mexico, by the City Attorney filing a complaint in two counts against the defendant. In the first count it is averred, in substance, that the City of Mexico, on December 4, 1913, was a city of the fourth class, and on that day the Act of the General Assembly of this State, commonly known as the "Local Option Law," was adopted and became in force as a law of the State in that city. It is charged that on or about January 22, 1917, defendant, within the limits of that city, did then and there wilfully and unlawfully deliver to divers persons unknown to this informant, certain intoxicating liquor and a certain beverage containing alcohol, to-wit, one-half pint, one pint and one quart of beer, without then and there having any legal authority to make the delivery, contrary to section 1 of an ordinance of the city approved March 9, 1915.

The second count charges that defendant, within the corporate limits of Mexico, "did then and there wilfully and unlawfully sell to divers persons unknown to this informant certain intoxicating liquor and a certain beverage containing alcohol, to-wit, one-half pint, one pint and one quart of beer, without then and there having any legal authority to make said sale," contrary to section 1 of an ordinance of the city of Mexico, approved May 26, 1914.

On appeal from a decision of the police judge the cause was tried in the circuit court before the judge, a jury being waived, on an agreed statement of facts. Summarizing that, it was agreed that the defendant ordered from a brewing company of Moberly, a keg of beer containing something less than 8 gallons, which was sent to her by express and received by her at Mexico, January 22, 1917, and under her direction removed from the Wabash depot at Mexico to the residence of one Davis, which was within the corporate limits of Mexico; that previous thereto defendant had obtained permission from Davis to give a party at his residence on account of the illness of her mother which prevented her having a party at her own home; that the defendant invited fourteen or sixteen of her friends to the Davis house, the party gathering there about 8:30 and remaining until about 11 p. m., on January 22, 1917, and defendant served cheese, crackers, pickles and beer to her invited guests, but none of them ever at any time paid any one for anything served at the party, the expense being wholly borne by defendant. It was further agreed that the Act of the Legislature of this State, commonly known as the "Local Option Law" had been adopted and was in force in the city of Mexico during the times covered, and that an ordinance of the city of Mexico, prohibiting the "keeping, storing for or delivering to another person intoxicating liquor in the city of Mexico," had previously been passed by the City Council of the city and was in force at the date mentioned. These facts, together with the ordinance of the city, approved March 9, 1915, are all the facts given in evidence subject to any objections by either party. The ordinance mentioned and referred to in the first count of the petition, provides, by the first section, that "No person shall keep, store or deliver for or to another person, in the city of Mexico, any intoxicating liquors of any kind whatsoever. By section 2, it is provided that nothing in the ordinance "shall be construed to prohibit any person from ordering liquor for his own or family use, where such liquor is sent direct

to the person using the same.'' And the third section provides that the violation of the ordinance is a misdemeanor entailing a fine of not less than $50 nor more than $1000, or imprisonment in the city jail for not less than 60 days, nor more than one year, or by both such fine and imprisonment.

After hearing the case on this agreed statement and the argument of counsel, the court found the issues in favor of plaintiff and that defendant was guilty ''as charged in the information'' and assessed her punishment at a fine of $50.

It does not appear that the ordinance referred to in the second count of the complaint, and covering a sale, was in evidence; only the ordinance referred to in the first count of the complaint covering a delivery being in evidence. Defendant moved for a new trial on various grounds, mainly, that the verdict was against the law and the evidence. This was overruled, defendant excepting. She then filed her motion in arrest, on the ground, among others, that the record and judgment is erroneous; that the complaint does not charge any offense against the ordinance of the city of Mexico; that the facts stated do not constitute a public offense against the ordinance of the city, and, finally, that ''the finding and decision of the court are insufficient to support a judgment.'' This was overruled, judgment entered according to the verdict or finding of the court, and exception saved. Defendant has duly appealed.

As noted, there was no ordinance introduced in evidence covering any sale of liquor. The ordinance introduced, and which we have referred to, provided that, ''No person shall keep, store or deliver for or to another person, in the city of Mexico, any intoxicating liquors of any kind whatsoever.''

The action of the court in rendering judgment against defendant on the facts stated is assigned as error, it being claimed that the verdict, judgment and decision are unsupported by any evidence and that the verdict and judgment were erroneous under the law

and the admitted facts. Error to overruling defendant's motion for new trial and in arrest is assigned, and, finally, it is assigned that the finding and decision of the court are insufficient to support a judgment against the defendant and that the court erred in overruling defendant's motion in arrest.

We would have to reverse this cause for the error of the trial court in failing to make any finding on the second count of the complaint.

In State v. Pierce, 136 Mo. 34, l. c. 40, 37 S. W. 815, there were two counts in the indictment for separate offenses. More accurately, an attempt to defraud in one count, and forgery of an order for payment of money in another, was charged. The jury returned a general verdict of guilty and assessed the punishment of defendant at two years in the penitentiary. Of this our Supreme Court said (l. c. 40) that it was obviously insufficient, and no valid judgment could be rendered upon it, "because it is impossible to tell from the verdict on which count the jury found the defendant guilty; and it is obvious from the punishment assessed against him, that they only intended to punish him for one of the distinct and separate offenses charged in the indictment."

It is clear in this case that the only charge of which there was any proof attempted was that set out in the first count of the statement, and for the violation of the ordinance there referred to; nevertheless, the defendant was entitled to have the court as a jury pass distinctly on each of the two offenses or charges on which she was arraigned. That same rule was repeated in State v. Washington, 242 Mo. 401, 146 S. W. 1164. [See, also, State v. Young, 215 S. W. 499, and State v. Theodore, not officially reported but see 191 S. W. 422.]

The more serious question in the case, however, as arising on the statement of facts on which it was tried, is presented when we consider the ordinance on which the statement was founded. As we have before stated, the first section of that ordinance provides that no person shall keep, store or deliver for or to another

person, in the city of Mexico, any intoxicating liquors of any kind whatsoever, provided, however, that nothing in the ordinance shall be construed to prohibit any person from ordering liquor for his own or family use, where such liquor is sent direct to the person using the same. We think that under the facts in this case it is apparent that this beer was sent direct to the defendant. It is true that it was directed to be delivered at first to her at her mother's home, where she was then residing, but owing to the illness of her mother she was obliged to give the party which she intended giving at the home of a friend, and ordered the beer delivered there from the railroad station. This brought the act of delivery to plaintiff within the provision of section 2 of the ordinance, which exempted her from any offense under the first section. It is difficult to see how defendant can be said to have fallen under the inhibitions of the first section. To repeat, it enacts that no person "shall keep, store or deliver for or to another person, in the city of Mexico, any intoxicating liquors of any kind whatsoever." The defendant here neither kept, stored or delivered for or to another person the liquor in the sense of that ordinance. Undoubtedly she obtained it for herself to serve it to her guests, who for the time were part of her family. She was, in the sense of the law, ordering it for her own use. That does not necessarily mean that she was going to drink all of it herself, and as long as she was not dealing in the article, not selling it to anybody—and both these appear from the agreed statement—it is difficult to see how she could be held to be either keeping, storing or delivering this beer for or to another person. We think our Supreme Court, in State v. Fulks, 207 Mo. 26, 105 S. W. 733, has disposed of this, when referring to the Local Option Law, Judge GANTT says (l. c. 40):

"It was never intended to cover *the mere gift of a drink* of liquor by a private person, who is in no sense a dealer in liquors, to one of his friends as a mere act of courtesy or hospitality, and if the act should be construed to embrace such gift as the evidence dis-

closed in this case, it clearly would be repugnant to the Constitution of this State in that the title itself as well as the great body of the act expressed no such purpose."

Learned counsel for respondent say that this is *obiter.* We do not so construe it. It was the deliberate expression of a very learned judge and was concurred in by both of his associates. It is accepted as covering that very point by the Springfield Court of Appeals, in State v. Parkel, 185 Mo. App. 70, 170 S. W. 915. The facts which the Springfield Court of Appeals held to show delivery and a violation of the provisions of the local option law are very different from those at bar. In that case we find the defendant in possession of vast quantities of whiskey and beer—carload lots of it—kept and stored by him in prohibited territory. He was found in possession of a great number of jugs. At times crowds of men gathered at his store house, and there is evidence that some of the men going away from there carried jugs similar to those defendant kept. He was also in possession of a government license authorizing him to sell beer. Undoubtedly he was violating both the letter and spirit of that law. None of these facts are present here as in that case, and the conclusion that the conviction was sustained there, instead of supporting the conviction here, militates against its validity.

Our conclusion is that the judgment of the trial court should be reversed and the cause remanded with directions to discharge the defendant, if under bond or arrest.

*Allen* and *Becker, JJ.,* concur.