## STATE OF MISSOURI, Respondent, v. JAMES FRAZIER, Appellant.*

### In the Springfield Court of Appeals, March 6, 1925.

1. **CRIMINAL LAW: Instructions: Verdict: Verdict Must Specify What Article Used in Manufacture Accused Possesses.** If possession of more than one article used in manufacture of intoxicating liquor is submitted, and a conviction is authorized upon a finding of possession of either all or one or more of the articles, then the jury should be instructed that, in case they should find defendant guilty, they should specify in the verdict the articles which they find from the evidence defendant had in his possession.

2. **INTOXICATING LIQUORS: Barrel Containing Mash not Mash Tub Within Statute.** Evidence that mash was found in ordinary rain barrel is no evidence of illegal possession of mash tub, in view of statutory use of that term.

3. ————: **Court Should Submit Question of Possession of Only Those Articles Which Evidence Warrants.** While the pleader may charge possession of all articles used in illegal manufacture of liquor named in the statute, court should submit question of possession of only those articles, submission of which is warranted under the evidence.

4. ————: **Burden Not on State to Show Unlawful Purpose in Possessing Articles Used in Manufacture.** In prosecution for illegal possession of articles used in manufacture of intoxicating liquor, the burden is not on the State to show that defendant has them in

his possession for an unlawful purpose; this being a matter of defense.

*Headnotes 1. Criminal Law, 16 C. J., Section 2460 (Anno); 2. Intoxicating Liquors, 33 C. J., Section 196; 3. Intoxicating Liquors, 33 C. J., Section 541 (Anno); 4. Intoxicating Liquors, 33 C. J., Section 483 (Anno).

Appeal from Circuit Court of Carter County.—*Hon E. P. Dorris*, Judge.

REVERSED AND REMANDED.

*Yount & Kearby*, of Poplar Bluff, for appellant.

(1) The verdict is insufficient, and no valid judgment can be rendered upon it, because it is impossible to tell from the verdict of which charge in the first count of the information the defendant was convicted. 1 Bishop Crim. Proc. (3 Ed.) sec. 1005; State v. Harmon, 106 Mo. 551; State v. Pierce, 136 Mo. 35; State v. Palmberg, 199 Mo. 233; State v. Pruitt, 202 Mo. 49; City of Mexico v. Gray, 203 Mo. App. 553; State v. Standley, 232 Mo. 23; State v. Schenk, 238 Mo. 449; State v. Washington, 242 Mo. 401; State v. Young, 215 S. W. 499. (2) In directing the jury that they should return a verdict of guilty if they found that the defendant had in his possession a certain doubler, worm, fermenting tub, mash tub or still or any of said articles, the court erred. The defendant was entitled to a unanimous verdict of the jury upon the issue of his guilt or innocence of the particular offense for which he was on trial. Under this instruction and the general verdict returned, some of the jurors may have believed the testimony in support of the charge as to the possession of one of the articles mentioned and disbelieved the testimony as to the other, while the remaining members of the jury may have found and believed conversely. See cases cited, supra.

No brief for respondent.

COX, P. J.—Defendant was charged by information with violating the prohibition law. The information was in three counts: The first count charged defendant with having in his possession "a certain doubler, worm, fermenting tub, mash tub and still." The second count charged the manufacture of intoxicating liquor. Defendant was acquitted on the second and third counts and convicted on the first count. The appeal is from that conviction.

The error complained of relates to the instruction for the State which told the jury that if they should find that defendant had in his possession "a certain doubler, worm, fermenting tub, mash tub or still which said doubler, worm, fermenting tub, mash tub or still or any of said articles were then and there fit to be used and capable of being used in the production of intoxicating liquor," they would convict. The verdict was a general verdict of guilty as charged in the first count.

The point made against the instruction is that it authorizes a conviction on a finding that defendant had in his possession either of the articles named and since the verdict was a general one and did not specify what articles the jury believed the defendant had in his possession, it could not be known whether the jury all agreed in their finding, as some may have believed he had one article in his possession and others disbelieved that, but believed that he had some other article named in his possession. In such a case if the question of possession of all the articles is submitted to the jury and they are required to find that defendant had possession of all in order to convict, it is good. If the question of possession of only one article is submitted and the jury is required to find possession of that particular article in order to convict, it is good; but if possession of more than one article is submitted and a conviction is authorized upon a finding of possession of either all or one or more of

the articles, then the jury should be instructed that in case they should find defendant guilty, they should specify in the verdict the articles which they find from the evidence defendant had in his possession. [State v. Washington, 242 Mo. 401, 146 S. W. 1164; State v. Geist, 126 Mo. App. 393, 195 S. W. 1060; 199 S. W. 1041; State v. Gray, 203 Mo. App. 547, 553.]

In this case there was no evidence that defendant had a doubler or a still in his possession. There was evidence that he had possession of grape mash. This mash was in an ordinary rain barrel and not in a mash tub as that term is used in the statute. [State v. Hyde, 248 S. W. 920.] There was, therefore, no evidence that he possessed a mash tub, though, evidently, the court and jury considered the barrel containing the grape mash as a mash tub. There was evidence that he had in his possession a coil of copper pipe which the State's witnesses described as a worm and which they testified could be used as a worm in the manufacture of intoxicating liquor. Defendant's evidence was to the effect that this copper pipe was so short that it could not be used in the manufacture of intoxicating liquor.

In charging an offense of this kind the pleader may charge possession of all the articles named in the statute but in giving instructions to the jury the trial court should keep in mind the fact that the instructions must be based on the evidence and no issue should be submitted to them that is not supported by some evidence. In this case there was no evidence that defendant had in his possession a doubler, a mash tub or a still. The question of the possession of either of these articles should not have been submitted to the jury. The only articles of which there was sufficient evidence of possession by defendant to warrant their submission to the jury were a worm and mash. In submitting these the jury should have been required in case of conviction to state in their verdict which one, or both if they should

so find, they should find to have been in the possession of defendant.

On a retrial, if the court will follow the rule as stated in the cases of State v. Hyde, and State v. Washington, supra, there should be no difficulty in drafting correct instructions to the jury.

If the jury should find that the copper pipe could not be used in the manufacture of intoxicating liquor then its possession would not be unlawful. If defendant had the grape mash in his possession for the purpose of making grape juice to be used in making jelly or grape butter and not for the purpose of making wine his possession of that mash would not be unlawful. Those matters, however, were matters of defense and the burden was not on the State to show that defendant had them in his possession for an unlawful purpose. If defendant wished instructions on that theory he should have asked for them. [State v. Shelton, 248 S. W. 980]

The judgment will be reversed and the cause remanded. *Bradley, J.*, concurs; *Bailey, J.*, not sitting.