McClure Brothers, Respondents, v. The School Dis-
trict of the City of Tipton et al.,
Appellants.

**Kansas City Court of Appeals, April 6, 1896.**

1. **Instructions**: INDEFINITE: TIME OF PAYMENT: SCIENTER. An
instruction is criticised as being too indefinite and failing to call
attention to the main fact as to the knowledge of defendant of plain-
tiff's claim at the time it paid for the lumber in controversy.

2. **Payment**: BONA FIDE PURCHASER. An instruction as to the pay-
ment by defendant for certain lumber to contractors building its
schoolhouse tends to deprive defendant of its rights as a *bona fide*
purchaser and makes those rights dependent upon the contractor's
knowledge when they were dependent solely upon the action of the
accountant between the parties in putting the material in the account.

3. ———: COMMENT ON THE EVIDENCE: ARGUMENTATIVE. An instruction
set out in the opinion *held* objectionable as an unfair comment on the
evidence and as argumentative.

*Appeal from the Pettis Circuit Court.*—Hon. Richard
Field, Judge.

Reversed and remanded.

*William S. Shirk* for appellants.

(1) It was error to give either the plaintiffs' second
or fourth instructions. Both are too indefinite and
uncertain. Such instructions tend to mislead the jury
and it is error to give them. *Compton v. Baker*, 34 Mo.
App. 133; *George v. Railroad*, 40 Mo. App. 433, 447;
*Belt v. Goode*, 31 Mo. 128; *Legg v. Johnson*, 23 Mo.
App. 590; *Clark v. Fairly*, 24 Mo. App. 429; *Railroad
v. Boyd*, 67 Md. 32; *Dunn v. Dunnaker*, 87 Mo. 597,
601; *Mound City v. Conlon*, 92 Mo. 221; 2 Thompson
on Trials, sec. 2326. (2) The sixth instruction given
for the plaintiff is most grossly wrong and dominated
the whole case and controlled the verdict. That is,

that although the school district actually paid the plaintiffs' bill to Gordy & White, to whom they were bound to pay it, yet unless Gordy & White knew that the McClure bill was included in the amount paid them, then the district must pay it again, to McClure Brothers. Such an absurd proposition of law needs no citation of authorities to refute it. I doubt if its equal in absurdity can be found in the books. Such propositions are rejected by the intelligent mind, by a sort of intellectual instinct. (3) The seventh instruction given for the plaintiff is erroneous for several reasons. *First.* It is a commentary on the evidence, and singles out a particular fact and comments unfavorably to defendants upon said fact. *Copp v. Hardy*, 32 Mo. App. 588, 593, and authorities cited; *Jones v. Jones*, 57 Mo. 138; *Compton v. Baker*, 34 Mo. App. 133; *Miller v. Marks*, 20 Mo. App. 369; *Haney v. City of Kansas*, 94 Mo. 334; *Hopper v. Vance*, 27 Mo. App. 336; *Hackman v. McGuire*, 20 Mo. App. 286. *Second.* It in effect tells the jury that if defendants' evidence was true, that the defendants as a school board were guilty of a violation of the law. Such an instruction is extremely reprehensible. *Rothschild v. Ins. Co.*, 62 Mo. 356. *Third.* It is argumentative and inveighs strongly against the evidence in behalf of the school district. See authorities, *supra*. *Fourth.* Said instruction comments on matters not involved in the issues in the case. A more vicious instruction could hardly be imagined.

*Moore & Williams* and *Sangree & Lamm* for respondents.

(1) There was no error in giving plaintiffs' second and fourth instructions. *First.* The instructions must all be read together. *Henry v. Railroad*, 113 Mo. 525; *Voegli v. Marble Co.*, 56 Mo. App. 678; *Boller v. Cohen*,

42 Mo. App. 97; *Spillane v. Railroad*, 111 Mo. 555; *Minter v. Hardware Co.*, 50 Mo. App. 177; *McGrew v. Railroad*, 109 Mo. 582. *Second.* The second instruction was a correct general proposition of law in a conversion case. *Third.* Again, the theory of the plaintiffs was that the property at the time of the conversion was theirs. On the other hand, the theory of the defendant district was that the property was not plaintiffs' at the time it was used but belonged to the district. *Fourth.* Appellant's criticism of plaintiffs' fourth instruction is overstrained, harsh, and unfair, and is not sustained by the authorities cited, or any we have been able to find. The fourth instruction fixed the jury's mind in its very first clause on the evidence in so many words. *Railroad v. Ingraham*, 78 Ill. 302, 305; *Dufour v. Railroad*, 67 Cal. 320, 324; *Railroad v. Falvey*, 104 Ind. 409, 429; *Indianapolis v. Scott*, 72 Ind. 196, 202, 203. This view is sustained by Judge Thompson. 2 Thompson on Trials, sec. 2318, wherein the above authorities are cited with approval. The unqualified expression "circumstances of the case" or an equivalent expression in an instruction was used with approval in *McBeth v. Trabue*, 69 Mo. 642; *Bird v. Thompson*, 96 Mo. 424; *Morgan v. Rice*, 35 Mo. App. 591; *Kelly v. Beauchamps*, 59 Mo. 178; *Sharp v. Johnson*, 59 Mo. 557; *Railroad v. Waldo*, 70 Mo. 629; *Gray v. McDonald*, 104 Mo. 303. (2) Respondent's instruction number 6 is a correct proposition of law as applied to the facts of this case. (3) Respondents' instruction number 7 involves the *prima facie* legal presumption placed on the school warrant in question. It is simply declaratory of the plain statutory law. R. S. 1889, secs. 8016, 8017. (4) On the whole case the verdict was the only one the jury could have properly returned on the evidence. In such cases even where some instructions are faulty, the error, if any, is harmless, and the case ought not to be

reversed. *Bushy v. Glenn*, 107 Mo. 331; *Fitzgerald v. Barker*, 96 Mo. 661; *Keen v. Schnedler*, 96 Mo. 516; *Otto v. Bent*, 48 Mo. 23; *Greer v. Bank*, 30 S. W. Rep. 319, 128 Mo. 559; *McFarland v. Hein*, 127 Mo. 328; *Bobst v. Brock*, 10 Wall. 519; *Fox v. Windes*, 127 Mo. 502; *McGrew v. Railroad*, 109 Mo. 582; *Noble v. Blount*, 77 Mo. 235–239; *George v. Railroad*, 57 Mo. App. 358; *Brown v. Ins. Co.*, 68 Mo. 133; *Phillips v. Bochelder*, 47 Mo. App. 52; *Nelson v. Foster*, 66 Mo. 381; *Long v. Coal Co.*, 56 Mo. App. 605; *Sinclair v. Bradley*, 52 Mo. 180; *Fortune v. Fife*, 105 Mo. 433–438; *Wolst v. Exposition*, 101 Mo. 534; *Goodwin v. Railroad*, 53 Mo. App. 9.

GILL, J.—Gordy & White contracted with defendant to furnish all materials and labor for the erection of a schoolhouse. Gordy & White bought from plaintiffs the inside finish for the building, and it was shipped to Tipton and delivered on the schoolhouse grounds. Plaintiffs, however, claim that the title of the finishing material was to remain in them until paid for. During the progress of the work a misunderstanding arose between Gordy & White and the school board, and the work was abandoned. At that time, the materials furnished by plaintiffs were unused and were stored at the schoolhouse. Plaintiffs demanded the possession of the materials, but the school board refused to give them up and proceeded to and did use the same in finishing the building. Defendant claimed that before having notice of plaintiffs' rights, it had paid Gordy & White for the material. Plaintiffs sued for the conversion of the finishing materials, and on a trial by jury recovered judgment, from which defendant appealed.

I. A reversal is asked on the ground of erroneous instructions given at plaintiffs' request. The

objections, too, are well taken. Here is the second instruction:

"If the jury believe from the evidence that the material sued for was the property of the plaintiffs at the time the defendants took and converted the same to their own use and *that the same has not been paid for*, your verdict will be for plaintiffs, if they further find that the same was converted to defendant's use." This instruction is indefinite as to a material feature of the case. The main fact in controversy is, whether or not the school district bought and paid for the material before plaintiffs made known their claim. The jury might have thought that it was enough, under this instruction, if Gordy & White had not paid the plaintiffs, or if the school district had not paid plaintiffs.

II.   Instruction number 6 reads as follows:

"The court instructs the jury that if they find and believe from the evidence, that at the time of the alleged payment on the alleged estimate made by the superintendent of the school building Gordy & White did not know of and consent to receive payment of the McClure bill, and did not know that the same was included in any estimate, then there was no payment in fact of said bill."

In connection with this, it is proper to say that the school district paid Gordy & White in installments, on estimates made from time to time, by the architect and superintendent, as was provided for in a contract between the parties. Defendants introduced evidence tending to prove that these materials were included in the items of one of these estimates, and that Gordy & White received pay thereon. Now, that Gordy & White may have forgotten or did not understand that these materials were included in the estimate would not deprive defendant of the rights it had as a *bona fide*

purchaser.   It is enough that the superintendent (who was a middleman, or agent) included these materials in the account or estimate on which defendant parted with its money.

III.  Plaintiff's seventh instruction was as follows:

"The court instructs the jury that it is contended by the defendant school district as a defense, that it paid Gordy & White for the lumber sued for by plaintiffs in this cause, and that said payment was made by a certain warrant, dated October 17, 1890, for $1,495.50; the jury are further instructed that said warrant purports on its face to be issued for "work" and not for the payment of material; that it is an illegal act for any school board to issue a warrant for the payment of school money that does not specify on its face the species of indebtedness it is drawn to pay, and it is an illegal act for the treasurer of any school board to pay any such warrant, unless it does so specify, and that the law requires such warrants to truthfully state what they are drawn for, and the defendant school district is conclusively presumed to know the law.   That it is a presumption of fact, the warrant in question was drawn for "work" as it states, and while such presumption may be rebutted, yet the burden of proof is on the defendant district to destroy said presumption by a clear preponderance of the evidence that the warrant was drawn to pay for the material in question."

With reference to this instruction it is sufficient to say that it is clearly objectionable because an unfair comment on the evidence, and it is argumentative.

The issues were not fairly placed before the jury, and the judgment will be reversed and cause remanded. All concur.