Ford v. Gray.

C. W. FORD et al., Respondents, v. GEORGE GRAY, Appellant.

Kansas City Court of Appeals, May 25, 1908.

1. **JUSTICES' COURTS: Appeal: Papers: Transcript.** It is the duty of the justice upon an appeal to send up the papers on which the suit is based and because he fails to send any particular paper at the time he sends his transcript, does not make it unlawful to send it when his attention is called to the matter. The rule as to transcripts does not apply.

2. ———: **Statement: Paper: Amendment.** Where the paper sued on is indefinite but is sufficient to warrant amendment it may be amended in the circuit court on appeal.

3. ———: **Appeals: Affidavit: Bond: Statute.** Under the statutes when a bond and affidavit for appeal have been filed the appeal is considered allowed though there be no entry to that effect, and such appeal should not be dismissed on account of the defective bond and affidavit.

4. **SUBSCRIPTION PAPER: Signing: Instruction: Argument: Comment: Error.** Certain instructions relating to authorizing the defendant's name to be signed to a subscription paper are condemned because some are argumentative and others are comments on the evidence; and the error is held harmful.

Appeal from Harrison Circuit Court.—*Hon. George W. Wanamaker*, Judge.

REVERSED AND REMANDED.

*J. M. Sallee* and *J. W. Peery* for appellant.

(1) The circuit court acquired no jurisdiction in this case. Devore v. Staeckler, 49 Mo. App. 547; Moulder v. Anderson, 63 Mo. App. 34; Bader v. Jones, 119 Mo. App. 685; Whitehead v. Cole, 49 Mo. App. 429; Hyatte v. Wheeler, 101 Mo. App. 359; Green v. Castello, 35 Mo. App. 137. (2) The court erred in overruling defendant's motion to strike out the amended statement, filed by the plaintiffs. Barr v. Blomberg, 37 Mo. App. 605; Moulder v. Anderson, 63 Mo. App. 34; Thomas v.

Moore, 46 Mo. App. 22; Smith v. Chapman, 71 Mo. 217; Norton v. Porter, 63 Mo. 345. (3) The instructions given for the plaintiff are misleading, argumentative, and erroneous. We think an inspection of them will show that they are each direct commentaries on the evidence. Flannery v. Railroad, 44 Mo. App. 396; Henson v. Railroad, 34 Mo. App. 636; McClure v. School Dist., 66 Mo. App. 84; Smith v. Woodmen, 179 Mo. 119; Pace v. Roberts, 103 Mo. App. 662; Swink v. Anthony, 96 Mo. App. 420; Jones v. Falls, 101 Mo. App. 536; Gage v. Mears, 107 Mo. App. 140. (4) But again, we contend that the instructions for plaintiffs are in conflict with those for the defendant. These clear and correct declarations of law, as applied to the facts of this case, are, we think practically nullified, obscured and frittered away, by the lengthy, misleading, argumentative and vicious instructions for the plaintiffs. Livingston v. Railroad, 170 Mo. 452; Shareman v. Transit Co., 103 Mo. App. 515; Chandler v. Gas Co., 174 Mo. 321; Hayes v. Casualty Co., 98 Mo. App. 410; Harman v. Larkin, 108 Mo. App. 392.

*J. C. Wilson* for respondent.

(1) It was not necesary for the affidavit and bond in appeal to have been marked filed by the justice. All that was necessary was for such affidavit and bond in appeal to have been lodged with the justice in due time, and by him returned to the circuit court. R. S. 1899, sec. 4066; Curtiss v. Tyler, 90 Mo. App. 345; Long v. Coal Co., 56 Mo. App. 605; Williams v. Kirby, 169 Mo. 622; R. S. 1899, sec. 4079; Dowdy v. Wamble, 110 Mo. 280; Henry v. Railroad, 44 Mo. App. 100; Butts v. Phelps, 79 Mo. 302; Doggett v. Blanks, 70 Mo. App. 499; Kincaid v. Griffith, 64 Mo. App. 673; Dean v. Trax, 67 Mo. App. 517; Daniels v. Atkins, 66 Mo. App. 342; Keys v. Freber, 102 Mo. App. 315; Trust Co. v. Invest-

ment Co., 82 Mo. App. 260; Randall v. Lee & Randall, 68 Mo. App. 561; Crenshaw v. Insurance Co., 71 Mo. App. 42; Trimble & Fryer v. Elkin, 88 Mo. App. 234; Hopper v. Hopper, 84 Mo. App. 120; McDermott v. Dwyer, 91 Mo. App. 185; Collins v. Kammann, 55 Mo. App. 464. (3) It was competent to take the evidence of the justice of the peace to show facts which he failed to show by his docket: Rowe v. Schertz, 74 Mo. App. 602; Sinberg v. The Falk Co., 98 Mo. App. 546; McDermott v. Dwyer, 91 Mo. App. 185. (4) Instructions No. 1 and 2 on the part of plaintiffs we contend state no more than the law in the case. Under the statute an erroneous instruction must be prejudicial in order to warrant a reversal. Delaney v. Bowman, 82 Mo. App. 252; Doyle v. Trust Co., 140 Mo. 1. (5) Where the verdict is manifestly for the right party errors in the giving or refusal of instructions will not work a reversal: Burns v. Liberty, 131 Mo. 372; Miller v. Lange, 84 Mo. App. 219; King v. King, 155 Mo. 406; Redman v. Adams, 165 Mo. 60; Porter v. Harrison, 52 Mo. 524; Hudson v. Burk, 48 Mo. App. 319.

BROADDUS, P. J.—This suit originated in a justice's court where defendant prevailed and the plaintiffs appealed. When the case reached the circuit court defendant moved to dismiss the case because the court had no jurisdiction. The specific grounds assigned for a dismissal are: that there was no statement filed setting out a cause of action; and that there was no appeal.

The suit was for the sum of $50 evidenced by a written subscription whereby defendant among others agreed to pay to plaintiffs a certain sum for the purpose of digging a new channel for Grand river east of Akron, Missouri. This subscription paper was filed with the justice, but when he sent his transcript on the appeal to the circuit court he failed to send it with the

other papers, but it was afterwards filed in the circuit court. The defendant entertains the opinion that the paper cannot be considered as a paper in the case because it was not brought up on a rule upon the justice or by certiorari. The entry on the justice docket shows that the paper was filed with the justice, and the justice testified in the circuit court also to the fact of filing. That was sufficient. Defendant has cited a number of cases to support his view, but they have no application. It was the duty of the justice to send the paper and all others with his transcript, but because he failed to send this particular paper at the time he sent his transcript, did not make it unlawful to send it when his attention was called to the matter. The authorities cited refer to transcripts, and it is properly held that a justice cannot amend his transcript unless required to do so by an order of the circuit court.

The paper in question did not, without some accompanying statement set out a very clear cause of action, yet it was sufficient to authorize the amendment made to it in the circuit court.

The judgment was rendered by the justice on October 17, 1905. On the 25th day of the month plaintiffs made affidavit for appeal and filed their appeal bond. The appeal bond was approved by the justice but it does not appear that he made an order granting the appeal. The affidavit and bond for appeal were both defective, not being in the form prescribed by the statute. The defendant moved to have the appeal dismissed because of the defects in the affidavit and appeal bond which the court overruled. The court also permitted plaintiff to file a proper appeal bond. Under section 4066, Revised Statutes 1899, when a bond and affidavit for an appeal have been filed an appeal should be considered as allowed, although no entry thereof appeared in the record. Under section 4072, idem, the appeal should not have been dismissed on account of the

defective bond and affidavit.    [Curtis v. Tyler, 90 Mo.
App. 345.]    But aside from what has been said de-
fendant after his motion to dismiss the appeal was over-
ruled waived jurisdiction by appearing to the merits of
the cause, as the court had jurisdiction of the subject-
matter.    [Long Bros. v. Bolen Coal Co., 56 Mo. App.
605.]

On the trial it was admitted by defendant that
"there was a sufficient consideration for the execution
of the instrument sued on if the same was executed or
authorized or directed by him to be executed by him."
This admission left only the question as to the execution
of the instrument.    The signature was not in the hand
writing of the defendant, but the testimony of witness
Maroney was that defendant told him he would give
fifty dollars to the project and to put his name down;
that he had the subscription paper at the time, and that
he put it down just as defendant told him.    Other wit-
nesses corroborated his testimony.    The evidence of de-
fendant was to the contrary and that his agreement if
any was to pay in work.    The jury found for the plain-
tiffs and defendant appealed.

Several instructions were given on behalf of plain-
tiff.    Specific objection is made to the second.    It reads
as follows:    "The court further instructs the jury that
it is not necessary in order that defendant may be lia-
ble upon said subscription list that he should have
signed the same, or to have used the words to witness
Maroney that, "I authorize you to sign my name;" but
if the jury believe from the preponderance of the evi-
dence in the case, that if he used other language mean-
ing to convey to said Maroney that he wanted to give
$50 as a subscription for him and that the said Ma-
roney so understanding the same, did put down the de-
fendant's name upon said subscription list for said sum
of $50 then the defendant is liable upon the same, etc."

The objection is that the instruction is argumenta-

tive. The objection is well founded. It is argumentative all the way through. And the argument is good and forcible. But for that very reason it was erroneous. [Flannery v. Railroad, 44 Mo. App. 396; McClure Bros. v. School District, 66 Mo. App. 84.] And instructions one and three are commentaries on the evidence and for that reason objectionable. [Swink v. Anthony, 96 Mo. App. 420.] All authorities condemn such instructions. But plaintiffs insist that they could not be harmful because the defendant's instructions in that respect are commendable. There is no conflict and defendant's instructions are clear, but the plaintiffs obtained the advantage by arguments and comments, which were calculated to unduly influence the jury in their favor.

For the errors noted the cause is reversed and remanded. All concur.