## STATE OF MISSOURI, Respondent, v. PERRY BOWERMAN, Appellant.

### Springfield Court of Appeals, January 3, 1910.

1. **CRIMINAL LAW: Violating Local Option Law: Instructions.** Where defendant is charged with violating the local option law, and the testimony is such as to require the court, by an instruction, to declare what would constitute a sale, this should be done, but it is not proper for the court to tell the jury that if the evidence shows defendant did "directly or indirectly" sell, etc., without also explaining what was meant by the words "directly or indirectly." But where these words are used in an instruction without such explanation and the evidence shows that the sale was made by defendant passing the liquor to the purchaser and receiving from him the money therefor, the error is harmless.

2. ———: **Number of Witnesses.** Although the statute provides that in allowing costs against a county or State only three witnesses to prove any one fact shall be allowed, yet this does not require the court to limit the number of witnesses to three upon any one question, but the court may use a sound discretion in that matter, and may limit the number of witnesses, especially upon a question of impeachment merely, and unless such discretion has been abused or defendant has suffered by the restriction, the appellate court will not interfere.

Appeal from Stone Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

COX, J.—Information filed in the circuit court of Stone county by the prosecuting attorney, charging

the defendant with violation of the Local Option Law. The trial resulted in a conviction from which the defendant has appealed.

No briefs are filed in this court, but we have carefully examined the entire record to ascertain whether or not the defendant has been accorded a fair trial and whether the evidence is sufficient to sustain his conviction. We find the information to have been in approved form; the evidence showing the adoption of the Local Option Law in Stone county is sufficient. The evidence further proves the sale of whisky within a year before the filing of the information. The instructions were unobjectionable except in one particular. The general instruction defining the offense is as follows:

"Gentlemen of the jury, if you find from the evidence that Perry Bowerman, in the county of Stone and the State of Missouri, on or about the twenty-fourth day of May, 1908, or at any time within one year before the filing of this information, to-wit: September 21, 1908, did *directly* or *indirectly,* sell intoxicating liquor in any quantity, you will find the defendant guilty and assess his punishment at a fine of not less than three hundred dollars nor more than twelve hundred dollars, or by imprisonment in the county jail for not less than six months nor more than twelve months, or with both such fine and imprisonment."

The words "directly or indirectly" should have been omitted from this instruction. In order to convict the defendant upon a charge of this kind, the sale must be proven, and so far as the result is concerned, it is immaterial whether the sale is shown to have been made directly from the defendant to the purchaser or whether it was made by indirection. Should the testimony be such as to require the court, by an instruction, to declare what would constitute a sale, then it would be proper for the court to so declare, but it is not proper to tell the jury that if the evidence shows

that defendant did "directly or indirectly" sell without any explanation as to what was meant by these words. However, in this case, the evidence clearly shows the sale to have been made by the defendant passing the liquor to the purchaser and receiving from him the money therefor. This being true, the error in this instruction was harmless in this case.

Complaint is made in the motion for a new trial that the court erred in refusing the defendant the right to offer more than three witnesses to prove the bad reputation of the prosecuting witness, Jack Whitlock. The only provision of the statute upon this question is that in allowing costs against a county or state, only three witnesses to prove any one fact shall be allowed. This does not require the court to limit the number of witnesses to three upon any one question that may be in issue in the trial of a case, but the court may use a sound discretion in that matter, especially on questions of impeachment merely, as was done in this case, and unless there is something to indicate that this discretion has been abused or that the defendant has suffered in some way by the restriction placed upon the number of witnesses allowed to be used in his behalf, it cannot be said to be reversible error. On an examination of the entire record we conclude that no injustice has been done the defendant in this case, and, therefore, the judgment will be affirmed. All concur.