## STATE OF MISSOURI, Respondent, v. JAMES FLEETWOOD, Appellant.

### Springfield Court of Appeals, May 2, 1910.

1. **LOCAL OPTION LAW: Sufficiency of Notice of Election.** Where the notice for the local option election was published on August 4, 11, 18 and 25, and the election was held on September 1; *held*, that by excluding the first day of publication and including the day of election, just twenty-eight days' notice was given and this is all the law requires.

2. **CRIMINAL LAW: Violating Local Option Law: Giving Away Liquor: Instructions.** So much of the Local Option Law as prohibits the giving away of intoxicating liquors by acts of common courtesy, or friendship or hospitality, has been declared unconstitutional (State v. Fulks, 207 Mo. 26), and an instruction which submits the issue of gift along with that of sale is erroneous; but where there is no evidence that any liquor was given away, the error will be held harmless.

3. ————: ————: **Instruction Defining Sales Should Be Given.** An instruction in a case for violating the Local Option Law which tells the jury that defendant should be found guilty if they find that he "directly or indirectly sold," etc., is faulty. The words, "directly or indirectly," should be omitted, and an instruction should be given telling the jury what facts would constitute a sale.

4. **INSTRUCTIONS: Criminal Law: Violating Local Option Law: Comment on Evidence.** The defense in a case for violating the Local Option Law was that defendant sold no liquor except from a boat, and that the boat was in another county. The State claimed that the defendant took the order and delivered the liquor in the county in which he was indicted. An instruction given by the court stated: "The law does not allow evasions of the law, and if you find that the defendant took the money from the prosecuting witness and delivered him the whiskey in Ozark county, you will find the defendant guilty." *Held*, that the instruction was argumentative and a harmful comment on the evidence and under the circumstances of the case was a reversible error.

5. ————: ————: **Comment on Evidence: When Reversible Error.** A reversal of the judgment does not necessarily follow because the court has improperly commented on the evidence, but

State v. Fleetwood.

such instructions are condemned by the authorities and where, from the evidence and judgment it cannot be said that the party against whom the judgment was rendered did not suffer thereby, the judgment should be reversed.

Appeal from Ozark Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*T. J. Looney, Bob Derryberry* and *G. W. Thornberry* for appellant.

*George W. Boone* for respondent.

GRAY, J.—The prosecution is by indictment returned by the grand jury of Ozark county, on the 13th day of August, 1907, charging that the Local Option Law was in force in said county on said day, and that the defendant did then and there unlawfully sell one-half gallon of whiskey to one Newton Mahan.

The defendant entered a plea of not guilty, and was tried before a jury of his peers, and convicted and his punishment assessed at a fine of five hundred dollars, and six months in the county jail. The cause is here on his appeal.

On behalf of the State, Newt Mahan testified that in February, 1907, he gave the defendant $1.75 for intoxicating liquors, and that in a short time afterwards the defendant brought to him a quart of whiskey, and later sent the other quart over by his boy, and this occurred in Ozark county. The State also introduced proof of the adoption of the Local Option Law.

The sufficiency of the notice of the special election at which the voters voted to adopt the law, is challenged. The notice of election was published August 4, 11, 18, and 25, 1887, and the election was held September 1, 1887. If we exclude the 4th day of August, the date of the publication of the first notice, and in-

clude September 1st, the day of the election, we have just twenty-eight days, and this is all the law requires. [State v. Brown, 130 Mo. App. 214, 109 S. W. 99; State v. Polk (this day decided by this court).]

The defendant admitted that he was a dealer in intoxicating liquors, and had a Government license, but denied he delivered any intoxicating liquors to the prosecuting witness in Ozark county, and his version of the transaction was as follows:

"Q. Tell the jury about that transaction? A. Well, when I went over there to Pontiac, he wanted me to bring him one-half gallon of whiskey from the boat, and I says: 'I can't bring it here, but the boys were making up three gallons, Will James and a McCord and Bill Holt, and the whiskey was put in the bunch and carried to the wagon.'

"Q. Did you deliver the whiskey at the boat? A. At the boat.

"Q. What county? A. Taney county, when we got to Pontiac, I says, 'there is that fellow's whiskey,' and when we got to the house, I says: 'set it down somewhere,' and Newt came down the next morning and we got up and walked from the house, and I says: 'look along there,' and he found the quart of whiskey and he says: 'I will borrow a quart of this whiskey.'"

The court gave the following instruction in behalf of the State: "The court instructs the jury if you find from the evidence that James Fleetwood in the county of Ozark and State of Missouri at any time in February, 1907, did directly or indirectly sell, give away or barter in any manner whatever, intoxicating liquors in any quantity you will find the defendant guilty and assess his punishment to a fine not less than three hundred dollars nor more than one thousand dollars or by imprisonment in the county jail not less than six months nor more than twelve months or by both such fine and imprisonment."

It will be noticed that the instruction submitted the issue not only of a sale, but a gift or barter. The indictment charged that the defendant sold the whiskey and nothing was said therein about a gift.

In State v. Fulks, 207 Mo. 26, 105 S. W. 733, it is held that so much of the Local Option Law that prohibits the giving away of intoxicating liquors by acts of common courtesy, or friendship or hospitalty not induced by a desire to sell such liquor, is unconstitutional.

As there was no evidence that any whiskey was given away, we do not believe that the error in submitting the question of a gift in the first instruction is sufficient to justify a reversal. [State v. Baker, 36 Mo. App. 58.]

The instruction is also faulty because it does not define a sale, but tells the jury if the defendant did "directly or indirectly" sell or give away. [State v. Bowerman, 124 S. W. 41.]

The court gave the following instruction: "Gentlemen of the jury, the law don't allow evasions to violate the law. If you find from the evidence that James Fleetwood took the money from the prosecuting witness and delivered the whiskey to the prosecuting witness in Ozark county, Missouri, you will find the defendant guilty."

This instruction, in addition to being argumentative, is manifestly a harmful comment on the evidence. The defendant was making the special defense that he sold no liquors in Ozark county and that his boat was in Taney county, and that he delivered or sold no liquors except from his boat. The State was claiming that the defendant took the order and delivered the liquor in Ozark county. Under these circumstances for the court to say to the jury, "Gentlemen of the jury, the law don't allow evasions to violate the law," was error for which the judgment must be reversed. The punishment of a fine of five hundred dollars and six months'

imprisonment in the county jail may in some degree be attributed to this improper instruction.

It is true that a reversal of the judgment does not necessarily follow because the court has improperly commented on the evidence in the instruction. [State v. Ethridge, 188 Mo. 352, 87 S. W. 495; Stone v. Perkins, 217 Mo. 586, 117 S. W. 717.]

But all authorities condemn such instructions, as by them one litigant obtains an advantage by argument and comments from the court, calculated to unduly influence the jury. [Ford v. Gray, 131 Mo. App. 240, 110 S. W. 692.] And whether the judgment should be disturbed for the error, must depend on all the circumstances of the case. In this case when the testimony and the punishment assessed are considered, we are of the opinion that the instruction was such an unfair comment on the evidence that we cannot say that the defendant did not suffer thereby, and therefore the judgment should be reversed. [Ford v. Gray, supra; McClure Bros. v. School District, 66 Mo. App. 84.]

On the retrial of the cause, the court should omit from the first instruction the words "directly" and "indirectly," and should also give an instruction telling the jury what facts should constitute a sale by the defendant in Ozark county. The judgment is reversed and the cause remanded. All concur.