## STATE OF MISSOURI, Respondent, v. HENRY SULLINGER, Appellant.

### Springfield Court of Appeals, May 2, 1910.

1. CRIMINAL LAW: Violating Local Option Law: Sufficiency of Evidence. In a criminal case, where defendant was charged with violating the Local Option Law, a witness testified that he went into defendant's back room and found a bottle where another party told him he would find it, took some of the whiskey and left thirty-five cents; that he had no conversation with the defendant or any of the clerks about the sale. The instruction submitted the question to the jury of the sale by any one of the employees of defendant. *Held*, erroneous, as there was no evidence upon which to base the instruction; but the evidence in this case was held sufficient to go to the jury on a sale by defendant.

2. INSTRUCTIONS: Criminal Law: Violating Local Option Law. Defendant was charged with the illegal sale of intoxicating liquor. The instruction used the phrase "directly or indirectly" in submitting the question of sale. This was condemned, and it was held further that under the evidence the court should have given a proper instruction telling the jury what would constitute a sale.

3. ———: ———: ———. In a criminal case, where defendant was charged with violating the Local Option Law, the use of the word "therefore" in an instruction is condemned for by its use it assumes that the defendant was engaged in the sale of intoxicating liquors.

Appeal from Taney Circuit Court.—*Hon. John T. Moore*, Judge.

REVERSED AND REMANDED.

*D. F. McConkey* and *G. W. Thornberry* for appellant.

*J. C. L. McKnight*, Prosecuting Attorney, for respondent.

GRAY, J.—The prosecuting attorney of Taney county, on the 20th of April, 1909, filed an information charging the appellant with the sale of intoxicating liquors in violation of the Dramshop Act. The appellant was convicted on trial before a jury and has appealed to this court.

The State's testimony tends to prove that at the time complained of the appellant was selling groceries and cold drinks in Branson; that he had a back room and there was a door leading from the store room into this back room, and also a door into the back room from the rear of the building. A witness by the name of Ray gave the only testimony which authorized the submission of the case to the jury. This witness testified that one Ross Jones told him there was some whiskey in the back room of appellant's place of business, and that he went into this back room, as directed by Jones, and found a bottle of whiskey where Jones had told him it would be found; that he took a drink out of the bottle and poured out a half-pint in a bottle he had and left thirty-five cents; that he was not sure that appellant was in the building at the time, but he knew that one Ernest Cox, a clerk for the appellant, was in the store building, and that he bought some tobacco from him; that neither the appellant nor the clerk were in the back room while he was there.

The court gave the jury the following instruction: "Gentlemen of the jury, if you find and believe from the evidence, beyond a reasonable doubt, that Henry Sullinger was engaged in the sale of intoxicating liquors in Branson, Missouri, and you further find he had in his employ any one that sold intoxicating liquors in less quantities than three gallons, then in that case the owner of the business would be equally liable for the illegal sale of intoxicating liquors, therefore, if you believe that any one in the employ of Henry Sullinger, either directly or indirectly did unlawfully sell intoxicating liquors

in less quantity than three gallons you should find the defendant guilty."

It is a well-settled rule that in criminal and civil cases the court should not submit an issue to the jury concerning which there is no evidence. [State v. Edwards, 203 Mo. 528, 102 S. W. 520.] There was no testimony in the case to show that any sale of intoxicating liquors was made by any clerk of the defendant. We have stated herein all the evidence there was in the case bearing on the subject of sale. The witness, upon whose testimony the State relied, testified that he went into the back room, found a bottle of whiskey, took some of it and left thirty-five cents; that he had no conversation with the defendant or any one of his employees about the sale.

The instruction submitted the question to the jury of a sale by some one in the employ of appellant, and there was no evidence upon which to base the instruction. If the defendant was selling intoxicating liquors, his scheme was to leave the whiskey in the back room where persons could go and get it and relied upon them leaving the money. It was not expected or intended that the purchaser should deal personally with the defendant or any agent of his.

The instruction is certainly faulty for another reason. After telling the jury if they found the defendant was engaged in the sale of liquor, and he had in his employ any one that sold liquor, then the defendant would be equally guilty with his employee, closes with the following language: "Therefore, if you believe that any one in the employ of Henry Sullinger, either directly or indirectly did unlawfully sell intoxicating liquors in less quantity than three gallons you should find the defendant guilty."

By using the word "therefore" in the manner it is used in the instruction, it assumes that the defendant was engaged in the sale of intoxicating liquors, and

143 App—45

tells the jury that if any one in his employ made the sale, the defendant is guilty.

It will be noticed this instruction does not limit the liability of the defendant for the sale of his clerk to a sale made at the defendant's place of business, or while the clerk was performing any duty for the defendant, but it plainly tells the jury if some one in the employ of Henry Sullinger did directly or indirectly sell intoxicating liquors, then defendant is liable. Under the evidence instead of submitting the question of a sale by a clerk, or of telling the jury if the defendant did directly or indirectly unlawfully sell liquor, the court should have given a proper instruction telling the jury what would constitute a sale. [State v. Bowerman, 124 S. W. 41.]

In the case just cited, Judge Cox, of this court, used the following language concerning a similar instruction: "The words 'directly or indirectly' should have been omitted from this instruction. In order to convict the defendant upon a charge of this kind, the sale must be proven, and, so far as the result is concerned, it is immaterial whether the sale is shown to have been made directly from the defendant to the purchaser or whether it was made by indirection. Should the testimony be such as to require the court by an instruction to declare what would constitute a sale, then it would be proper for the court to so declare, but it is not proper to tell the jury that if the evidence shows that defendant did 'directly or indirectly' sell without any explanation as to what was meant by these words."

It is claimed that the evidence was insufficient to authorize a submission of the case to the jury. With this we do not agree. The witness testified that he wanted some whiskey and inquired where he could get it, and was told that it would be found in the back room of the defendant's place of business. He also testified that he had been in there at different times, but

could not give the dates. He was asked, if on these occasions, anyone told him to go, and his answer is significant: "They did not have to tell me after I found it out. Any man that drinks knows he does not have to be told but once."

For the error of the court in giving instruction No. 1, we will reverse the judgment and remand the cause. All concur.