**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Joanne Marie DURIO, Defendant-Appellant.**

**No. KCD 26902.**

Missouri Court of Appeals,
Kansas City District.

Aug. 5, 1974.

J. Kirk Rahm, Hensley & Rahm, Warrensburg, for defendant-appellant.

Tom R. Williams, Warrensburg, for plaintiff-respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM.

Appellant, Joanne Marie Durio, was charged and by a jury found guilty of careless and imprudent driving in violation of § 304.010, RSMo 1969, V.A.M.S. Pursuant to this judgment, appellant was fined the sum of five dollars ($5.00). This is a direct appeal from that judgment and penalty.

The incident out of which this charge arose occurred on November 23, 1972. The appellant was driving east on U.S. Highway 50 in the vicinity of Warrensburg, Missouri, in the right-hand lane and at a moderate speed. With her were her uncle, John Schmiemier, seated next to her, and her father, Maurice F. Durio, seated in the back seat. Appellant was fifteen (15) years of age, operating the vehicle lawfully on a learner's permit. As Miss Durio's vehicle approached a crossover road, her father instructed her to execute a left-hand turn onto said crossover. In the process of executing this turn, the Durio car was struck in the left rear by a Continental Trailways bus operated by Mr. James W. Knowles, a driver of thirty-eight (38) years experience. The sole factual issue at trial was whether Miss Durio had completely changed lanes from right to left before beginning to execute her turn at the crossover, or conversely, whether she began executing her turn from the right-hand lane into the path of the oncoming bus.

On appeal, Miss Durio assigns three points of error: One and two attack the state's verdict director and a third inappropriately presents a Miranda question. Appellant's point one is as follows:

"The Court Erred in Submitting Instruction Number 4 Because Said Instruction Assumed the Truth of a Material and Controverted Fact, To-Wit, That the Defendant Made a Left Turn from the Right-Hand Lane of U.S. Highway 50."

Instruction Number 4 is as follows:

"The Court instructs the jury that if you find and believe from the evidence, and beyond a reasonable doubt, that the Defendant, Joanne Marie Durio, on or about the 23rd day of November, 1972, Johnson County, Missouri, did wilfully and unlawfully operate a 1971 Buick sedan in an easterly direction on a divided portion of U.S. Highway 50 at or near the intersection of U.S. Highway 50 and a cross-over road at or near a point approximately 2.1 miles east of Missouri Route 13, in a careless and imprudent manner *by failing to exercise the highest degree of care in making a left turn from the right hand lane in the path of traffic also traveling in an easterly direction,* thereby endangering the life, limb or property of others, then you will find the Defendant guilty and assess her punishment at a fine of not less than five dollars nor more than five hundred dollars or by imprisonment in the County Jail for a term not exceeding one year or by both such fine and imprisonment." (Emphasis added.)

■ In Missouri, it is clear that the prejudicial assumption of a material and contested fact is grounds for reversal. State v. Chesser, 293 S.W.2d 935 (Mo. 1956); State v. Warren, 326 Mo. 843, 33 S.W.2d 125 (banc 1930). A reasonable reading of Instruction No. 4 shows that it assumes that the turn in issue was indeed made from the right-hand lane and leaves to the jury the sole determination of whether or not this assumed act was careless and imprudent. At trial, the sole fact issue was whether the turn was made properly from the left lane or improperly from the right; therefore, the instruction, as given, effectively and prejudicially withdrew from the jury's consideration the sole and determinate question of fact.

■ While the state correctly points out that instructions must be read together, State v. Cobb, 484 S.W.2d 196 (Mo. banc 1972) and State v. Sallee, 436 S.W.2d 246

(Mo.1969), the converse instruction (No. 5) in the instant case, which is as follows, is not curative:

"Your verdict must be for Defendant unless you believe each proposition submitted to you in Instruction No. 4 has been proved by the State of Missouri beyond a reasonable doubt.

As the issue (i. e., from which lane appellant turned) was not *submitted* but *assumed,* it is clear that the converse could serve no curative function.

■ Appellant's point two alleges that Instruction No. 4 was argumentative and did not fairly hypothesize the issues of fact. In support of this point, appellant directs the court to MAI–CR. 2.04, Notes on Use, paragraph 2, which requires that all essential elements of the offense be submitted in numbered paragraphs. Appellant concedes that at the time of trial there was no such requirement.

■ Cases cited in support of appellant's contention that Instruction No. 4 was argumentative, such as State v. Fleetwood, 143 Mo.App. 698, 127 S.W. 934 (1910) and Boatright v. United States, 105 F.2d 737 (8th Cir. 1939), are without merit since they present extreme situations wherein the court actively advocated a desired result. Instruction No. 4 cannot be fairly characterized as argumentative, and the argument that it did not fairly hypothesize the facts is a reiteration of point one. Point two, except to the extent it reiterates point one, is without merit.

■ Appellant, in her final assignment of error, alleges that the court erred in admitting the testimony of Officer Everett Morgan regarding oral admissions made by appellant at the scene. The basis of appellant's objection is that Miss Durio, before making said admissions, was not advised of her right to remain silent or of her right to the presence of counsel as dictated by the *Miranda* decision. This point is without merit as the Missouri Supreme Court

in State v. Neal, 476 S.W.2d 547, 553 (banc 1972), has resolved this issue:

"We have the view and accordingly rule that the *Miranda* warnings need not be given as a prerequisite to testimony as to admissions made to investigative officers by persons involved in motor vehicle offenses, regardless of whether the questions are asked before or after the arrest."

In light of the above, appellant's point three must fail.

As stated previously, Instruction No. 4 assumes that Miss Durio executed her left turn from the right-hand lane and leaves to the jury only the obvious conclusion that this constituted careless and imprudent driving. For this reason, the judgment of the circuit court is reversed and the cause remanded for a new trial.