**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Darrell Dean CHAPMAN,
Defendant-Appellant.**

**No. 14777.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 13, 1987.

714

Donald R. Cooley, Springfield, for defendant-appellant.

Thomas E. Mountjoy, Pros. Atty., Sam S. Phillips, Asst. Pros. Atty., Springfield, for plaintiff-respondent.

MAUS, Judge.

The defendant was charged with having committed the class B misdemeanor of driving while intoxicated, first offense. § 577.010. In a jury-waived trial, the court found him guilty. He was fined $400 and sentenced to 60 days in the Greene County Jail. The sentence was suspended and the defendant was placed upon probation for two years. On appeal the defendant complains of the erroneous admission of evidence.

The following is a concise summary of the evidence. In response to an assignment, a highway patrol officer arrived at the scene of an accident on a rural road in Greene County. A pickup truck had left the road and was 20 feet below in a creek bed. Three individuals were sitting on the railing of a bridge over the creek. Those individuals were a Mr. and Mrs. Best and the defendant.

The officer briefly conversed with those three persons. Mr. Best said the defendant had been driving the pickup. The defendant said the pickup was his. He did not want the officer to have it moved, but said he would take care of it later. The officer observed a small cut on the defendant's forehead. The blood had dried. The officer was permitted to testify that in his opinion the cut had occurred within one hour. Based upon his observations, the officer concluded the defendant was intoxicated. He placed the defendant under arrest for driving while intoxicated. At no time was the defendant given the Miranda warning.

After his arrest, the defendant was taken to the Greene County Jail. There the officer completed a report by asking the defendant questions. The defendant's answers established that he had been driving the pickup and that the accident occurred less than 30 minutes before the officer arrived at the scene. A breathalyzer test established the defendant's blood alcohol content was .34 percent.

The defendant contends the trial court erred in admitting the incriminating statements he made after he was arrested because he had not been given the Miranda warning. He raised that objection by a motion to suppress. The objection extended to the admission of the report made upon the basis of those statements. The motion was overruled. A similar objection was made at trial and again overruled. The defendant's objection, based upon the lack of the Miranda warning, has been preserved for appellate review.

At one time, many jurisdictions held that the requirement of the Miranda warning did not extend to the interrogation of persons involved in misdemeanor traffic offenses. That was true of the decisions in this state. "We have the view and accordingly rule that the Miranda warnings need not be given as a prerequisite to testimony as to admissions made to investigative offi-

cers by persons involved in motor vehicle offenses, regardless of whether the questions are asked before or after the arrest." *State v. Neal*, 476 S.W.2d 547, 553 (Mo. banc 1972). Also see *State v. Schwendt*, 645 S.W.2d 385 (Mo.App.1983); *State v. Durio*, 512 S.W.2d 833 (Mo.App.1974).

However, both parties in their superior briefs recognize the decision of the United States Supreme Court in *Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). "[A] person subjected to custodial interrogation is entitled to the benefit of the procedural safeguards enunciated in Miranda, regardless of the nature or severity of the offense of which he is suspected or for which he was arrested." Id. 468 U.S. at 434, 104 S.Ct. at 3148, 82 L.Ed.2d at 331 (footnote omitted). That case acknowledged that a moderate number of questions following a routine traffic stop would not trigger the Miranda warning. However, it concluded, "If a motorist who has been detained pursuant to a traffic stop thereafter is subjected to treatment that renders him 'in custody' for practical purposes, he will be entitled to the full panoply of protections prescribed by Miranda. See *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714 (1977)." Id at 468 U.S. at 440, 104 S.Ct. at 3151, 82 L.Ed.2d at 335.

*Berkemer* was handed down after this case was tried but while it has been pending on appeal. The state argues that *Berkemer* is a "clear break with past and prior precedents" and therefore is not to be retroactively applied to a case pending on appeal. It cites and relies upon *Johnson v. New Jersey*, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). The defendant contends *Berkemer* is to be applied in consideration of this case on appeal. He cites *Shea v. Louisiana*, 470 U.S. 51, 105 S.Ct. 1065, 84 L.Ed.2d 38 (1985), which held that *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), a decision involving the Miranda warning, was to be retroactively applied to cases pending on direct appeal.

■ After the briefs of the parties were filed in this case, the United States Su-

preme Court has decided *Griffith v. Kentucky*, 55 Law Week 4089 (January 13, 1987). In that case the court reviewed such cases as *Johnson v. New Jersey*, supra, and *Shea v. Louisiana*, supra. The court declared "failure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication." *Griffith v. Kentucky*, supra, at 4091. The court further declared "after we have decided a new rule in the case selected, the integrity of judicial review requires that we apply that rule to all similar cases pending on direct review." Id. at 4091. The court concluded, "We therefore hold that a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." Id. at 4092. *Berkemer* must be applied to the disposition of this case. Accordingly it is held that the defendant's incriminating statements made after he was arrested and in the absence of a Miranda warning were inadmissible.

■ The trial court also admitted, over proper objection, the officer's testimony that Mr. Best told him the defendant had been driving the pickup. The circumstances of the remark do not, as the state contends, establish the admissibility of that hearsay as an "excited utterance." Cf. *State v. White*, 621 S.W.2d 287 (Mo.1981). Nor do those circumstances establish the criteria necessary to cause the remark to be admissible as the foundation for a tacit admission. *State v. Samuel*, 521 S.W.2d 374 (Mo. banc 1975). Nor was the statement admissible because it was later incorporated in the officer's report. That report, also properly objected to, was improperly admitted to place that statement in evidence. *State v. Thrasher*, 654 S.W.2d 142 (Mo.App.1983); *Nelson v. Holley*, 623 S.W.2d 604 (Mo.App.1981). The hearsay statement was offered as proof of the matter referred to therein. It was inadmissible and may not be considered for that purpose. *State v. Hodge*, 655 S.W.2d 738 (Mo. App.1983).

Nonetheless, the state argues there was sufficient evidence properly admitted to support the conviction. That evidence was that a pickup truck had left the road and was in a creek bed. There were three people at the scene. One of those persons, the defendant, was intoxicated and had a recent cut on his forehead. The defendant owned the pickup truck.

The state was required to prove beyond a reasonable doubt the defendant drove the pickup truck and that he did so while intoxicated. *State v. Kennedy*, 530 S.W.2d 479 (Mo.App.1975). It is true, that such proof may be circumstantial evidence. Cf. *State v. Delaney*, 675 S.W.2d 105 (Mo.App.1984); *State v. Davison*, 668 S.W.2d 252 (Mo.App. 1984). However, such circumstantial evidence must be substantial evidence of guilt. It must "point clearly to defendant's guilt so as to preclude any reasonable hypothesis of innocence." *State v. Scruggs*, 551 S.W.2d 306, 308 (Mo.App.1977).

■ There was no evidence to support the state's argument the Bests obviously arrived at the scene in another vehicle. In fact, there was no evidence there was a vehicle at the scene other than the pickup. This supports an inference that the Bests arrived in the pickup. The defendant's ownership of the pickup does not preclude a reasonable hypothesis that another, perhaps one of the Bests, had been driving the pickup. The defendant also points out properly admitted evidence does not establish the time the pickup was being driven. The insufficiency of the evidence in this respect is critically analyzed in *State v. Liebhart*, 707 S.W.2d 427 (Mo.App.1986). For these reasons, defendant's contention the properly admitted evidence was insufficient to support the conviction has merit. Cf. *State v. Phinney*, 460 So.2d 1188 (La. App.1984).

Because the evidence properly admitted is insufficient to support his conviction, the defendant contends he must be discharged. He relies upon cases such as *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). This court has not determined the evidence was insufficient within the meaning of such cases. The defendant's contention has been succinctly answered.

When the trial court erroneously admits evidence resulting in reversal, as in the instant case, the State should not be precluded from retrial even though when such evidence is discounted there may be evidentiary insufficiency. The prosecution in proving its case is entitled to rely upon the rulings of the court and proceed accordingly. If the evidence offered by the State is received after challenge and is legally sufficient to establish the guilt of the accused, the State is not obligated to go further and adduce additional evidence that would be, for example, cumulative. Were it otherwise, the State, to be secure, would have to assume every ruling by the trial court on the evidence to be erroneous and marshall and offer every bit of relevant and competent evidence. The practical consequences of this would adversely affect the administration of justice, if for no other reason, by the time which would be required for preparation and trial of every case. This is consistent with Burks v. United States, supra, which lists among examples of trial error which do not invoke the Double Jeopardy Clause with regard to retrial, the 'incorrect receipt or rejection of evidence.'

*State v. Wood*, 596 S.W.2d 394, 398–399 (Mo. banc 1980), cert. denied, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980). Also see *State v. Biddle*, 599 S.W.2d 182 (Mo. banc 1980); *Reimnitz v. State's Attorney of Cook County*, 761 F.2d 405 (7th Cir. 1985); *United States v. Tranowski*, 702 F.2d 668 (7th Cir.1983), cert. denied, 468 U.S. 1217, 104 S.Ct. 3586, 82 L.Ed.2d 884 (1984); *United States v. Sarmiento-Perez*, 667 F.2d 1239 (5th Cir.1982), cert. denied, 459 U.S. 834, 103 S.Ct. 77, 74 L.Ed.2d 75 (1982); *United States v. Harmon*, 632 F.2d 812 (9th Cir.1980). The judgment is reversed and the cause is remanded for further proceedings.

PREWITT, P.J., and FLANIGAN, J., concur.

HOGAN, J., not participating.