**STATE of Missouri, Respondent,**

v.

**Glen Hiram HELM, Appellant.**

**No. WD 39785.**

Missouri Court of Appeals,
Western District.

May 17, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 28, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Roy W. Brown, Bruce B. Brown, Kearney, for appellant.

Hugh C. Harvey, Donald G. Stouffer, Marshall, for respondent.

Before SHANGLER, P.J., and LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

This case is an appeal of a conviction for driving while intoxicated as contained in § 577.010, RSMo 1986. Appellant Glen Helm was convicted after jury trial and sentenced by the court to three months in jail and a fine of $500. Helm alleges error in the admission of certain testimony by highway patrol troopers and in the overruling of motions for acquittal based on the insufficiency of the evidence.

The evidence at trial included testimony by a motorist who witnessed Helm's car leave the roadway and crash, two Slater, Missouri police officers who were the first to arrive on the scene, and two Missouri State Highway Patrol Troopers who investigated the accident and took Helm to jail. The motorist testified that he was forced to the shoulder of Highway 240 by an oncoming motorist in his lane. Barely missing the motorist, the appellant's car proceeded to miss a curve, go over an embankment and through a farm fence. Other testimony showed the car had continued into and through a farm field, back through the fence at a different point, eventually coming to a stop with its front end in a ditch next to the highway. The motorist went immediately to the police station in Slater, half a mile away, and reported the accident. He saw a police car dispatched in the direction of the accident within five to seven minutes of his observation of the accident.

The officers dispatched testified they arrived within two or three minutes of receiving notice. Arriving at the scene they saw Helm's car in the ditch. Officer Mullins observed Helm seated in the driver's seat behind the steering wheel, slumped over the wheel apparently unconscious. Mullins assisted Helm out of the car, with Helm indicating that he was not hurt. Helm stated that he had "fucked up," and when asked if he needed any assistance stated "yeah, get me out of here." These statements were repeated "over and over." The car's ignition was on, the transmission was in the drive position, but the engine was not running and the car was not driveable. Officer Mullins testified that there was an odor of alcohol on Helm's breath and that Helm had trouble walking, and he was of the opinion that Helm was "very intoxicated." On cross-examination, Officer Mullins testified that some twenty-five minutes after his initial statements to the officer, and five minutes before the highway patrol arrived, Helm stated that he had not been driving the car. Wylie testified that Helm was staggering, his speech was slightly slurred, and he smelled of intoxicants. He also opined that Helm was intoxicated. On cross-examination Wylie testified as to Helm's statement about his not driving the car. On direct examination he indicated he saw no evidence of anyone other than Helm being around the car.

Missouri Highway Patrol Troopers Marquart and Bone arrested Helm after their arrival at the scene. Marquart testified that Helm was "very belligerent and very uncooperative." He noted that Helm was loud and boisterous, and that his speech was confused as well as slurred. Marquart related that Helm had, during the ride to jail, complained he was having a heart attack, and appeared or acted like he had passed out several times, but declined an offer to be taken to a hospital. Trooper Marquart testified that when Helm was asked whether he was driving or who was driving the vehicle, his response indicated that he was driving. On cross-examination, he recalled the question to Helm as being why he was driving in the field and the response by Helm to be trying to get back on the road. Arriving at jail, the troopers carried Helm inside after he fell upon exiting the car. Marquart testified that he believed Helm was "very intoxicated," and that field sobriety tests were not administered because of that fact. Trooper Bone's testimony included his observation of approximately half a dozen empty beer cans in the back seat of Helm's car. Bone also testified that Helm's response to his request to get out of police car was "fuck you." After Bone assisted Helm out of the car, avoiding being kicked in the process, he noticed Helm had difficulty standing, that he reeked of alcohol, and that his speech was slurred. Bone arrested Helm and advised him of his rights. Bone confirmed that Helm had indicated to Trooper Marquart that Helm had been driving the car. After the troopers and Helm arrived at the sheriff's office, Helm refused to take the breathalyzer, saying "fuck no" and attempted to kick Trooper Bone in the groin. Bone testified to his belief that Helm was "very intoxicated."

Glen Helm testified that he was not driving the car when it went off the road, and that he advised the Slater officers of that fact. He denied any admission to the con-

trary made to the troopers. Helm's testimony was that an acquaintance named Larry was driving the car, and Larry left the scene in another car immediately after the accident. When asked whether he moved into the driver's seat after Larry left, Helm testified he "may have fallen over there." Helm testified that he had found Larry once since the accident, but that Larry refused to testify on Helm's behalf. Helm admitted he had been drinking "extensively" the evening of the accident. Basically the defendant's version to the trier of fact was that Larry was drag racing another car at the time of the accident, and then went in the other car after the wreck. On appeal he suggests his drinking may have occurred after the wreck.

■ Helm's first point on appeal is that the trial court abused its discretion by allowing Troopers Marquart and Bone to testify about his admission as to operation of the car when the admission was not revealed to the defendant pursuant to his request for discovery. Helm objected at trial and moved to strike the entire testimony of Trooper Marquart. The State acknowledges the statement was through inadvertance not revealed even though the defendant made an appropriate discovery request under Rule 25.03. When a party fails to comply with an applicable discovery rule, Rule 25.16 allows the court to impose sanctions as it deems just under the circumstances. "Whether a sanction should be imposed for failure to comply with an appropriate discovery request or order is a matter which lies within the sound discretion of the trial court." *State v. Johnson,* 702 S.W.2d 65, 73 (Mo. banc 1985); *State v. Keeven,* 728 S.W.2d 658, 661 (Mo.App.1987) (broad discretion in determining whether exclusion of evidence is proper sanction for failure to comply with discovery request). The question is whether the State's discovery violation resulted in fundamental unfairness or substantively altered the outcome of the case. *Johnson,* 702 S.W.2d at 73. Stated another way, "the notion of fundamental unfairness in turn is to be measured by whether the evidence or the discovery thereof would have affected the result of the trial." *State v. Royal,* 610

S.W.2d 946, 951 (Mo. banc 1981); *State v. White,* 738 S.W.2d 590, 592 (Mo.App.1987).

Turning to this analysis, this court concludes the result of the trial would not have been affected. Helm asserts on appeal that the trial court should have excluded testimony from the highway patrol troopers regarding the alleged admission. Even had the trial court followed such a course, evidence came in that would have allowed the jury to reach the verdict it did. To establish a violation of § 577.010, RSMo, the state must prove beyond a reasonable doubt that the defendant operated a motor vehicle while he was intoxicated. *State v. Liebhart,* 707 S.W.2d 427, 428 (Mo. App.1986). That Helm was intoxicated or very intoxicated is subject to little, if any, doubt: he admitted drinking extensively that evening and the four law enforcement officers were of the opinion he was intoxicated or very intoxicated. While Helm's operation of the vehicle was neither observed nor admitted, there was circumstantial evidence to establish this element. The car's path off the highway, through the fence and into the ditch was traceable. Helm was found behind and slumped over the steering wheel in the driver's seat. Although not running, the ignition was on and the car was in drive. There was no one else at the scene when the officer's arrived and no evidence anyone had been there. As to whether Helm operated the car *while* he was intoxicated, the ground for reversal in *Liebhart, id.* at 429, the evidence showed the first officers arrived seven to ten minutes after the accident occurred and made the previously related observations, i.e. the path of the car, Helm behind the wheel, and Helm's intoxication. There was evidence of beer cans in the car, but the time frame would preclude the possibility that Helm became intoxicated between the time of the accident and the arrival of the police. Also, Helm's unchallenged statement to the police that he "fucked up" is relevant on this point. The driver who witnessed Helm's car have the accident did not testify as to another car involved in a race. The elements of this offense could have been established with-

out the challenged testimony on Helm's admission. The trial court was within its discretion in determining neither the evidence nor the fact it was not discovered affected the result of the trial. Under the standard from *Johnson* and *Royal,* the trial court did not abuse its discretion by allowing the troopers to testify as to Helm's admission.

■ Helm's second point, that the evidence was insufficient to make a submissible case or to convince the trier of fact of guilt beyond a reasonable doubt, is in essence decided by the disposition of the first point. The issue involves looking again at the elements of the offense operating a motor vehicle while intoxicated. Circumstantial evidence of this element was the observation of Helm within minutes of the accidents occurrence in the driver's seat of the car at the end of car's errant path and Helm's statement that he had "fucked up." As in other types of cases, sufficient circumstantial evidence can establish an element of an offense. *Liebhart,* 707 S.W.2d at 429; *State v. Johnson,* 670 S.W.2d 552 (Mo.App.1984). Operation has been found in circumstances where a vehicle was not seen in motion and/or on a road. *See e.g. State v. O'Toole,* 673 S.W.2d 25, 27 (Mo. banc 1984). The circumstantial evidence alone would have been sufficient to submit this case. Add to this the properly admitted testimony as to Helm's admission and the first element was clearly established. The second element, operating *while intoxicated* also was clearly established. Helm admitted extensive drinking that evening and was intoxicated or very intoxicated in the opinion of four law enforcement officers. Any question as to the possibility of intoxication in an intervening period must be dismissed because of the uncontroverted testimony that the police officers were on the scene two to three minutes after their dispatch which occurred five to seven minutes after the accident.

Helm's conviction is affirmed.