STATE of Missouri, Respondent,

v.

Ronald SALES, Appellant.

No. 19465.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 31, 1994.

Mark E. White, Joplin, for appellant.

No appearance for respondent.

MONTGOMERY, Judge.

*REVERSED*

The trial court found Defendant guilty of driving while intoxicated in violation of § 577.010.[1] Defendant appeals, contending the evidence was insufficient to support the judgment of conviction. Examination of the record shows that this contention is meritorious, and therefore the judgment must be reversed.[2]

Rule 27.01(b)[3] states that the findings of the court in a bench-tried criminal case shall have the force and effect of a verdict of the jury. In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989).

Evidence at trial favorable to the State was as follows: Defendant was involved in a single-vehicle accident on December 16, 1993. Dwayne Bass testified that on that day Defendant arrived at Bass's residence driving a blue Toyota pickup truck. While at the Bass residence, Defendant consumed approximately a pint of vodka. Bass then drove Defendant to purchase a 12–pack of beer which Bass and Defendant partially consumed on their return trip. Bass testified that Defendant departed the Bass residence in the blue Toyota pickup truck around 8 p.m. Bass testified that the location of the accident was a possible route between the Bass residence and Defendant's residence.

---

1. Statutory references are to RSMo 1986.

2. The State fails to favor us with a brief in this case.

3. Rule references are to Missouri Rules of Court (1994).

Corporal Jerry Walters, Missouri State Highway Patrol, testified that he investigated an accident on December 16, 1993. He received a call to investigate an accident around 5:45 p.m. He arrived at the scene at about 6:10 p.m., where he observed a 1985 blue Toyota pickup truck in a ditch. He did not find anyone at the scene. At about 6:50 p.m. Corporal Walters observed Defendant at a nearby hospital. He testified that Defendant had a combative attitude, an odor of intoxicants on his breath, bloodshot eyes, superficial cuts and abrasions, bruises, and glass fragments about him. He further testified that Defendant admitted consuming beer at the Bass residence. Defendant told Trooper Walters that he got out of the passenger side of the truck because he was not driving. Defendant refused to submit to alcohol analysis.

Defendant argues that there was insufficient evidence to show that he was intoxicated or that he was driving the motor vehicle in question. A person commits the crime of driving while intoxicated by operating a motor vehicle while in an intoxicated or drugged condition. § 577.010.1.

 There is little question that Defendant was intoxicated when he was interviewed by Corporal Walters. Even so, insufficient circumstantial evidence exists to prove that Defendant drove the truck while intoxicated. Circumstantial evidence can establish the elements of driving while intoxicated. *State v. Helm,* 755 S.W.2d 256, 259 (Mo.App. 1988). The standard of review in a case where the evidence is circumstantial is no different from a case where the evidence is direct. *State v. Grim,* 854 S.W.2d 403, 405–07 (Mo. banc), *cert. denied,* —— U.S. ——, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993).

In *State v. Chapman,* 724 S.W.2d 713 (Mo. App.1987), the defendant was charged with driving while intoxicated. The court held that the evidence was insufficient to support the defendant's conviction. The evidence revealed that a pickup truck left the road and went into a creek bed. When the police officer arrived, there were three people at the scene. One of them was the defendant who was intoxicated and had a cut on his forehead. The defendant owned the pickup truck.

The circumstantial evidence in *Chapman* is stronger than the evidence in the present case. In this case, no one observed Defendant driving immediately before the accident or at the scene. Defendant at all times maintained that he was a passenger in the truck. There was no evidence that Defendant was the owner of the truck. Bass testified that Defendant drove off in the truck at about 8 p.m. This testimony does not show that Defendant was driving just before the accident since Trooper Walters found Defendant in the hospital at 6:50 p.m. Furthermore, Bass gave no testimony indicating that Defendant was intoxicated when he left driving the pickup.

The evidence fails to show that Defendant operated the vehicle while he was intoxicated. Because we reverse the judgment solely for lack of sufficient evidence to sustain the conviction, we order Defendant discharged. *State v. Basham,* 568 S.W.2d 518, 521 (Mo. banc 1978).

The judgment is reversed, and Defendant is ordered discharged.

SHRUM, C.J., and FLANIGAN, J., concur.